Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
ELLIS, COLEMAN, POIRIER, LAVOIE,
  & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendants ESKANOS & ADLER, P.C

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK MILLER,<br><br>      Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., ESKANOS & ADLER, A PROFESSIONAL CORPORATION,<br><br>      Defendants. | Case No.:  CV 07-04869<br><br>**DECLARATION OF ANDREW STEINHEIMER IN SUPPORT OF DEFENDANT ESKANOS & ADLER'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>**Date:  April 28, 2008**<br>**Time:  1:30 p.m.**<br><br>**The Honorable Otis D. Wright II** |

I, Andrew Steinheimer, declare that:

1.     I am an attorney duly licensed to practice in all of the courts in the State of California, and I am admitted to practice before the United States District Court for the Eastern District of California.  I am a partner with the law firm of Ellis, Coleman, Poirier, LaVoie & Steinheimer, LLP, attorneys of record for Defendant Eskanos & Adler. I have personal knowledge of the facts contained in this declaration, unless stated upon information and belief and can testify competently as to facts set forth herein if called upon to do so.

- 1 -

2.     In this action, defense counsel is being paid $210 per hour.  This is a typical going rate for the defense of FDCPA cases throughout California.     In my experience, based on discussion with other attorneys throughout the state, the range for defense work paid by private and institutional clients in FDCPA cases such as this one is $160 to $250 per hour.

3.     I graduated from the University of California, San Diego in 1994.  I graduated from University of California, Hastings College of the Law in 1998.  After graduating from law school I worked as an associate attorney for a civil litigation law firm located in San Francisco, California, Bassi, Martini & Blum (now Bassi, Martini Edlin & Blum), for approximately 4 years.  Bassi, Martini & Blum had a general civil litigation practice including both defense and plaintiff's work.

4.     In April 2003, I began working as an associate at Murphy, Pearson, Bradley & Feeney in Sacramento, California.  Since working at Murphy, Pearson, Bradley & Feeney approximately 60% of my case load has involved the defense of cases brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the California Fair Debt Collection Practices Act, California Civil Code § 1788, and the Fair Credit Reporting Act, 15 U.S.C. § 1681.  In doing so, I have worked on cases venued in the Northern, Central, Southern and Eastern District of California, as well state courts in various counties throughout California.

5.     In October of 2006, I left Murphy, Pearson, Bradley & Feeney to open my own firm, as a partner.  I continue to practice extensively in FDCPA defense.

6.     I have practiced regularly and extensively in the areas of Fair Debt Collection Practices Act defense; Fair Credit Reporting Act defense; including class action litigation; and I have done so for the last 4 years.  My firm is regularly retained throughout California, to defend attorneys and debt collectors who have been sued for collection law violations.  I have regularly defended debt collectors and attorneys sued in both state and federal courts over the last 4 years.

7.     I am familiar with the competence, as well as the customary billing rates,

- 2 -

STEINHEIMER DECLARATION IN OPPOSITION TO PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES

1   of the attorneys who routinely handle debt collection related cases and issues in

2   California.  Between April 2004 and March 2006, my average hourly billing rate for all

3   of my clients that I was actually paid was in the $175-$200 range.  My regular billing

4   rate actually paid by private paying clients for defense of complex FDCPA cases was in

5   the $175-$225 range.

6          8.     My knowledge of customary billing rates in the California, including the

7   Central District of California, is based on (1) the billing rates I am able to obtain to

8   litigate cases in these areas, (2) the billing rates that the MPBF attorneys in Sacramento

9   and San Francisco are able to obtain and be paid to litigate cases in the Bay area, (3) my

10  discussions with my clients and other business persons regarding hourly rates they pay

11  attorneys throughout California including the Los Angeles area, (4) discussions with

12  other attorneys regarding hourly rates they are paid in the California including the

13  Central District of California.  I also base my opinion regarding reasonable market rates

14  for the services provided on contested fee applications I have reviewed and court orders

15  awarding attorneys' fees.

16         9.     Based on my experience and personal knowledge, I believe that most if not

17  all of my clients would be unwilling to pay more than $250 per hour for legal services in

18  FDCPA cases and that the hourly rate of $200 is much more likely.

19        10.    Based upon my experience in the area of FDCPA litigation, and my

20  personal knowledge of this case, in my opinion, I believe that the reasonable market rate

21  for the legal services provided to the class in this was in the $200 range.  This is based

22  on the following facts:

23          (a)    Most FDCPA cases are simple rather than complex, and the

24  reasonable fees awarded in FDCPA cases involving contested motions are often as little

25  as $5,000-$7,000.  (See, e.g., Savino v. Computer Credit, Inc. (E.D.N.Y. 1999) 71

26  F.Supp.2d 173, 176-77 ("Given the simplicity and routine nature of the issues that were

27  eventually presented to the Court," reasonable fees for prosecuting 4 motions, including

28  a motion for summary judgment, opposing a sanction motion, and conducting various

- 3 -

discovery, including a deposition are approximately $4,000, derived from 20 hours at approximately $200 per hour); Altergott v. Modern Collection Techs., Inc. (N.D. Ill. 1994) 864 F.Supp. 778, 783 (reasonable fees for bringing 2 motions for summary judgment and opposing one, propounding discovery, moving to amend and then amending the complaint, drafting a protective order, moving to compel discovery, and defending plaintiff's deposition was $5,080, with a blended rate for 40 hours of approximately $127).)

   (b)   From my research and survey of FDCPA cases around the country and based on my experiences in the Northern, Central, Eastern and Southern District of California, the average reasonably hourly market rates awarded in FDCPA cases around the country is approximately $200, even if the case is venued in a District Court where hourly market rates are generally reputed to be higher, such as New York. (See, e.g., Cooper v. Sunshine Recoveries, Inc. (S.D.N.Y. 2001) 2001 U.S. Dist. LEXIS 8938, *12 (noting that "recent cases in New York City have awarded fees in FDCPA cases at rates of $175 and $200 per hour," citing cases, and holding that a reasonably hourly rate is $200); Hagan v. Mrs Assocs. (E.D. La. 2001) 2001 U.S. Dist. LEXIS 6789, *10 n.11 (collecting recent FDCPA cases which awarded attorneys' fees at an hourly rate of $200 or less).)

   (c)   My hourly rate paid by defendant Eskanos & Adler in this case was $210 per hour. This hourly rate is fairly commensurate with the average hourly rates paid by clients of my firm for litigation services of this type.

   (d)   My average hourly billing rate actually paid for more complex litigation services than performed here by plaintiff's counsel during the time this case was actually prosecuted, 2006-2007, is in the $200-$250 range.

   (e)   The services provided by plaintiff's counsel in this case are not actually determined by clients, or the marketplace, as being worth $350 - $495 per hour.

   11.   An appropriate fee award in this case would be approximately $2,500. This assumes 10 hours of work at a rate of $250 per hour.

- 4 -

12.    Plaintiff Kirk Miller was not deposed in this action.  Midland Funding (a co-defendant in this action and the plaintiff in the underlying collection action of Midland v. Miller) deposed plaintiff in the underlying collection action on September 19, 2007.  I have been informed by Jeff Topor, counsel for Midland that the deposition was limited to questions concerning the underlying case and Mr. Miller was not asked questions about his claims or damages asserted in this action. Eskanos & Adler did not agree to take the deposition in this case and did not attend the deposition.    The deposition was initially noticed by counsel for Midland in the underlying collection action only.  Mr. Trueblood then inquired as to whether Eskanos & Adler was willing to conduct the deposition in this case on the same date.  Eventually Mr. Trueblood sent a "Notice of Deposition" of his own client scheduling the deposition in this case on the same date as the underlying deposition.  I copy of this Notice is attached hereto as **Exhibit A**.  Both Eskanos & Adler and Midland objected to the deposition notice.  A true and correct copy of Eskanos & Adler's objection is attached hereto as **Exhibit B**. A true and correct copy of Midland's objection is attached hereto as **Exhibit C**.

13.    Eskanos & Adler, a law firm, was retained by Midland Funding to collect a debt from Kirk Miller in July 2006 in the principal amount of $33,500.00.  Eskanos & Adler attempted to contact Mr. Miller to collect the debt from him voluntarily, but was unsuccessful.  Therefore, Eskanos & Adler filed a lawsuit against Miller in Los Angeles County Superior Court.  Mr. Miller was served with the lawsuit on or about April 11, 2007.  This apparently warranted Mr. Miller's attention and according to plaintiff's counsel's billing statements, Mr. Miller contacted Mr. Trueblood on April 24, 2007. Mr. Trueblood's tactic was to file a lawsuit in federal court against Eskanos & Adler and its client, Midland Funding, for alleged violations of the FDCPA, California FDCPA and for the common law tort of invasion of privacy.  Eskanos & Adler immediately substituted out of the collection action.  The collection was ultimately settled with Miller paying Midland $8,000.

14.    On February 1, 2008, Eskanos & Adler served plaintiff with a Rule 68

- 5 -

1 | Offer of Judgment in the amount of $1,001 plus reasonable attorney's fees and costs.

2 | Plaintiff accepted this offer on February 14, 2008.

3 |      15.    From the very beginning of the case Eskanos & Adler has attempted to

4 | reach a resolution of this case without the need for litigation.  The case finally did settle

5 | because plaintiff accepted Eskanos & Adler's entirely reasonable offer of judgment and

6 | plaintiff new that his demands for multiple thousands of dollars in damages and over ten

7 | thousand dollars in fees was unreasonable.

8 |      16.    Eskanos & Adler's answer was not filed until September 11, 2007.

9 | Eskanos & Adler did not take plaintiff's deposition and did not propound any written

10 | discovery.

11 |      17.    Eskanos & Adler requested a settlement demand from plaintiff from the

12 | outset of the case. This request is confirmed in the Joint Scheduling Conference Report,

13 | see paragraph 3.  A true and correct copy of the ***Joint Scheduling Conference Report***,

14 | is attached hereto as **Exhibit D**.  In an e-mail of October, 28, 2007, Eskanos & Adler

15 | reminded plaintiff's counsel that it was waiting for a demand so that settlement

16 | negotiations could begin.  A true and correct copy of the ***Oct. 28, 2007 E-mail from***

17 | ***Steinheimer to Trueblood*** is attached hereto as **Exhibit E.**  Finally, on November 13,

18 | 2007, plaintiff provided defendant with a demand.  The demand was for $7,000 in

19 | damages to plaintiff and $15,000 in fees for plaintiff's counsel.  A true and correct copy

20 | of this ***Nov. 13, 2007 Letter from Trueblood to Steinheimer*** is attached hereto as

21 | **Exhibit F**.

22 |      18.    I was in trial on another matter for all of December and continuing the first

23 | week of January.  Therefore, I did not consult with the client and prepare a response to

24 | plaintiff's settlement demand any earlier.

25 |      19.    In response to this demand, Eskanos & Adler made a Rule 68 Offer of

26 | Judgment on February 1, 2008 in the amount of $1,001 plus reasonable fees and costs.

27 | A true and correct copy of defendant's ***Rule 68 Offer of Judgment*** is attached hereto as

28 | **Exhibit G**.  In addition to the Rule 68 Offer of Judgment, Eskanos & Adler offered to

- 6 -

settle with plaintiff for a lump sum of $5,000.  A true and correct copy of the ***February 14, 2008 E-mail from Steinheimer to Stempler*** is attached hereto as **Exhibit H**.  In response to this offer, plaintiff countered at $18,000.  See **Exhibit H**.

20.     I was the attorney that primarily drafted the Joint Scheduling Conference Report and then I submitted it to Mr. Trueblood and Mr. Topor for review and comments.  A true and correct copy of the e-mail I received from Mr. Trueblood with his comments on the draft Joint Statement ***Oct. 1, 2007 E-mail from Trueblood to Steinheimer*** is attached hereto as **Exhibit I**.

21.     Attached hereto as **Exhibit J** is a true and correct copy of interrogatories from plaintiff to Eskanos & Adler propounded in this action.

22.     Attached hereto as **Exhibit K** is a true and correct copy of the document demand from plaintiff to Eskanos & Adler propounded in this action.

23.     Attached hereto as **Exhibit L** is a true and correct copy of interrogatories from plaintiff to Midland propounded in this action.

24.     Attached hereto as **Exhibit M** is a true and correct copy of the document demand from plaintiff to Midland propounded in this action.

25.     Attached hereto as **Exhibit N** is a true and correct copy of interrogatories from plaintiff to Eskanos & Adler propounded in the Ambriz case.

26.     Attached hereto as **Exhibit O** is a true and correct copy of the document demand from plaintiff to Eskanos & Adler propounded in the Ambriz case.

27.     Attached here to as **Exhibit P** is a true and correct copy of interrogatories from plaintiff to Arrow propounded in the Ambriz case.

28.     Attached hereto as **Exhibit Q** is a true and correct copy of the document demand from plaintiff to Arrow in the Ambriz case.

29.     Attached hereto as **Exhibit R** is a true and correct copy of plaintiff's complaint in this action.

30.     Attached hereto as **Exhibit S** is a true and correct copy of the complaint prepared by Mr. Trueblood in the Ambriz case.

STEINHEIMER DECLARATION IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

31.     In the billing entries of Mr. Trueblood, there is reference to conversations with Tomio Narita and Jeff Topor.  These gentlemen are with the firm Simmonds & Narita and represent co-defendants Midland Funding and Midland Credit in this action. Additionally they represented Midland in the underlying collection action after Eskanos & Adler substituted out of the case in July 2007.  References to them in the billing statements discloses the fact that that task related to the underlying case or the prosecution of Midland and did not relate to the case against Eskanos & Adler.

32.     On April 14, 2008, counsel for Eskanos & Adler was informed by the Clerk of the Court that plaintiff's Cost Bill in the amount of $586.00 was approved and he was going to tax costs in this amount without a hearing.

33.     Attached hereto as **Exhibit T** is a true and correct copy of the Court's Order in <u>Breon v. Capital Recovery Assocs.</u> (N.D. Cal. Nov. 8, 2005) slip op., case no. C 05 00766 JW.

34.     Attached hereto as **Exhibit U** is a true and correct copy of the Court's Order in <u>Montez v. Capital Recovery Assocs.</u> (N.D. Cal. Nov. 8, 2005) slip op., case no. C 05-01208 JW.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on this 14th day April 2008, at Sacramento, California.

_____
Andrew Steinheimer

# CERTIFICATE OF SERVICE

I, Andrew Steinheimer, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On April 14, 2008, I served the following document(s) on the parties in the within action:

DEFENDANT ESKANOS & ADLER'S OBJECTION TO BILL OF COSTS

| X | **VIA ELECTRONIC SERVICE**:  The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
|---|---|

| Alexander B. Trueblood<br>TRUEBLOOD LAW FIRM<br>10940 Wilshire Boulevard<br>Suite 1600<br>Los Angeles, CA 90024 | Attorneys for Plaintiff<br>Kirk Miller |
|---|---|
| Tomio B. Narita<br>SIMMONDS & NARITA LLP<br>44 Montgomery Street<br>Suite 3010<br>San Francisco, CA 94104 | Attorneys for Defendant<br>Midland Credit Management, Inc. |
| Robert Stempler<br>Consumer & Tax Law Office<br>3400 Inland Empire Blvd., Suite 101<br>Ontario, CA 91764 | Attorneys for Plaintiff<br>Kirk Miller |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on April 14, 2008.

By _____
Andrew Steinheimer

- 9 -