1  ALEXANDER B. TRUEBLOOD (Bar No. 150897)
   TRUEBLOOD LAW FIRM
2  10940 Wilshire Boulevard, Suite 1600
   Los Angeles, California 90024
3  Telephone: (310) 443-4139
   Facsimile: (310) 234-4023
4
   Attorneys for Plaintiff
5  KIRK MILLER

6

7                  UNITED STATES DISTRICT COURT

8                CENTRAL DISTRICT OF CALIFORNIA

9

10 KIRK MILLER,                     )  Case No: 07-CV-04869 ODW (AGRx)
11                                  )
                                    )
12          Plaintiff,             )  NOTICE OF DEPOSITION OF
                                    )  PLAINTIFF KIRK MILLER
13     vs.                         )
                                    )
14                                  )
15 MIDLAND FUNDING LLC.,           )
   MIDLAND CREDIT                   )
16 MANAGEMENT, INC., ESKANOS &     )
   ADLER, A PROFESSIONAL           )
17 CORPORATION, and DOES 1-10,     )
18 inclusive,                       )
                                    )
19          Defendants.            )
                                    )
20                                  )
21                                  )
22                                  )

23

24

25

26                                          ┌─────────────────┐
                                            │    EXHIBIT       │
27                                          │       A          │
                                            └─────────────────┘
28

                                            NOTICE OF DEPO

10989738.tif - 9/12/2007 11:27:40 AM

TO ALL PARTIES HEREIN, AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 19, 2007 at 10:30 a.m., at the office of Merrill Legal Solutions, 350 South Grand Avenue, Suite 3000, Los Angeles, California 90071, the deposition of plaintiff Kirk Miller will take place.

The deposition will be taken before a person duly authorized to administer oaths in the State of California, and shall be recorded stenographically.

Dated: September 12, 2007

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____
Alexander B. Trueblood

Attorneys for Plaintiff
KIRK MILLER

1

## PROOF OF SERVICE

I reside in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 10940 Wilshire Blvd., Ste. 1600, Los Angeles, California 90024.

On September 12, 2007, I served the foregoing documents described as:

## NOTICE OF DEPOSITION OF PLAINTIFF KIRK MILLER

by causing them to be personally delivered to the interested parties in this action:

Ellis Coleman, et. al.
Andrew Steinheimer, Esq.
555 University Ave., #200
Sacramento, CA 95825

Simmonds & Narita LLP
Jeff Topor, Esq.
445 Montgomery Street, Suite 3010
San Francisco, CA 94104

Executed on September 12, 2007 at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Alexander B. Trueblood

1 | Mark E. Ellis – 127159
2 | Andrew M. Steinheimer – 200524
ELLIS, COLEMAN, POIRIER, LAVOIE,
  & STEINHEIMER LLP
3 | 555 University Avenue, Suite 200 East
Sacramento, CA 95825
4 | Tel: (916) 565-0300
Fax: (916) 565-1636
5 |
6 | Attorneys for Defendant ESKANOS & ADLER, A PROFESSIONAL CORPORATION
7 |
8 | **UNITED STATES DISTRICT COURT**
9 | **CENTRAL DISTRICT OF CALIFORNIA**
10 |

| | |
|---|---|
| KIRK MILLER, | Case No.: CV 07-04669 ODW (AGRx) |
| Plaintiff, | |
| v. | OBJECTION TO DEPOSITION OF PLAINTIFF KIRK MILLER |
| MIDLAND FUNDING, LLC., MIDLAND CREDIT MANAGEMENT, INC., ESKANOS & ADLER, A PROFESSIONAL CORPORATION, and DOES 1-10, inclusive, | September 19, 2007 |
| Defendants. | |

Defendant Eskanos & Adler hereby objects to the deposition of plaintiff Kirk Miller. Further, Defendant Eskanos & Adler hereby gives notice that it will not be attending the deposition and does not intend to depose Mr. Miller on September 19, 2007. Defendant intends to depose Mr. Miller at a mutually convenient time and location after Initial Disclosures have been made and defendant has time to conduct an initial investigation into plaintiff's claims. Defendant recently appeared in this case, has not finished its own internal investigation of this matter and is not prepared to depose plaintiff this early in the litigation.

Defendant further objects to plaintiff giving notice of his own deposition, particularly after co-defendant Midland objected to the date and co

**EXHIBIT**

**B**

- 1 -

deposition.  Defendant objects on the grounds that seven days notice provided is not sufficient.  Defendant further objects as the deposition scheduled is scheduled to correspond with another deposition in a case in which Eskanos & Adler is not a party and has no interest.  Defendant objects on the grounds that by noticing his own deposition, plaintiff has deprived defendant of demanding the production of documents prior to the deposition for use at the deposition.  Further, the deposition is in violation of the Federal Rules as the parties have not yet made initial disclosures pursuant to Rule 26.

Dated:  September 18, 2007

ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER, LLP

By _____

Andrew Steinheimer
Attorneys for Defendant ESKANOS & ADLER, A PROFESSIONAL CORPORATION

**CERTIFICATE OF SERVICE**

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On September 18, 2007, I served the following document(s) on the parties in the within action:

OBJECTION TO NOTICE OF DEPOSITION OF KIRK MILLER

  X  **VIA FACSIMILE**:  The above-described document(s) will be transmitted via facsimile, and a copy of same will be mailed, on this same date to the following:

  X  **BY MAIL**: I am familiar with the business practice for collection and processing of mail.  The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows:

Alexander B. Trueblood          Attorney For Plaintiff
TRUEBLOOD LAW FIRM      KIRK MILLER
10940 Wilshire Boulevard, Suite 1600
Los Angeles, CA  90024
Fax:  **(310)234-4023**

Jeff Topor                   Attorney for Defendant
SIMMONDS & NARITA LLP    Midland Credit Management
44 Montgomery Street
Suite 3010
San Francisco, CA 94104
Fax:  **(415)352-2625**

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on September 18, 2007.

By
Jennifer E. Mueller

- 3 -

ELLIS COLEMAN POIR

## ** Transmit Confirmation Report **

P.1                                        Sep 18 2007 05:42pm

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 913102344023 | Normal | 18,05:41pm | 1'01" | 4 | * O K | BrdCast |
| 914153522625 | Normal | 18,05:30pm | 0'30" | 4 | # O K | BrdCast |

555 University Avenue
Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

**ELLIS, COLEMAN**
**POIRIER, LAVOIE & STEINHEIMER**

# Fax

| To: | **Alex Trueblood** | **Fax No:** | (310)234-4023 |
|---|---|---|---|
| | **Jeff Topor** | | (415)352-2625 |

| From: | Andrew M. Steinheimer | Pages: | 4 including cover |
|---|---|---|---|

| Re: | *Miller v. Midland* | Date: | September 18, 2007 |
|---|---|---|---|

☐ Urgent   ☒ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

*If you have trouble with the transmission of this fax, please call (916) 283-8820*

**CONFIDENTIALITY NOTICE**
The documents accompanying this telecopy transmission are for the sole use of the intended recipient(s) and contain a private, confidential communication protected by the attorney-client privilege and the attorney work product doctrine. Any unauthorized review, use, disclosure, or distribution of this telecopied information is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone to arrange for the return of the original documents to us. Thank you.

555 University Avenue
Suite 200 East
Sacramento, CA  95825
Tel:  (916) 283-8820
Fax:  (916) 283-8821



ELLIS, COLEMAN
POIRIER, LAVOIE & STEINHEIMER

# Fax

| To: | **Alex Trueblood** | **Fax No:** | **(310)234-4023** |
|---|---|---|---|
| | **Jeff Topor** | | **(415)352-2625** |

| From: | Andrew M. Steinheimer | Pages: | _4_ including cover |
|---|---|---|---|

| Re: | *Miller v. Midland* | Date: | September 18, 2007 |
|---|---|---|---|

☐ Urgent    ☒ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

*If you have trouble with the transmission of this fax, please call (916) 283-8820*

**CONFIDENTIALITY NOTICE**

The documents accompanying this telecopy transmission are for the sole use of the intended recipient(s) and contain a private, confidential communication protected by the attorney-client privilege and the attorney work product doctrine.  Any unauthorized review, use, disclosure, or distribution of this telecopied information is strictly prohibited.  If you have received this telecopy in error, please immediately notify us by telephone to arrange for the return of the original documents to us.  Thank you.

TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Midland Funding LLC and
Midland Credit Management, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KIRK MILLER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MIDLAND FUNDING LLC,<br>MIDLAND CREDIT<br>MANAGEMENT, INC., ESKANOS<br>& ADLER, A PROFESSIONAL<br>CORPORATION, and DOES 1-<br>10,inclusive,<br><br>　　　　Defendants. | CASE NO.: CV07-04869 ODW (AGRx)<br><br>**OBJECTIONS TO PLAINTIFF'S<br>NOTICE OF DEPOSITION OF KIRK<br>MILLER** |

**EXHIBIT**

*tabbies*

C

MILLER V. MIDLAND FUNDING, LLC ET AL.(CASE NO.CV07-04869 ODW (AGRx))
OBJECTIONS TO THE NOTICE OF DEPOSITION OF KIRK MILLER

9-17

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, defendants Midland Funding, LLC and Midland Credit Management, Inc. (collectively, "Defendants") hereby object to Plaintiff's Notice of Deposition of Plaintiff Kirk Miller ("Plaintiff") on the following grounds:

Plaintiff's notice of his own deposition is improper.  Plaintiff has not established that he will be unavailable at trial.  Thus, Plaintiff cannot depose himself to perpetuate his own testimony.  *See* Fed. R. Civ. Proc. 26 & 27.  Any of Plaintiff's deposition testimony that he might offer at trial in support of his claims in this action would thus be inadmissible hearsay.

In addition, plaintiff's notice of his own deposition is premature and not permitted, as the parties have not exchanged initial disclosures pursuant to Rule 26(a)(1), nor are they required to do so until October 12, 2007, which is after the date Plaintiff has set for his own deposition.  *See* Fed. R. Civ. Proc. 26(a)(1), (d), 30(a)(1), (2).

Plaintiff has noticed his own deposition solely to avoid the additional expense and inconvenience of being required to appear for his deposition in this case after he is deposed by defendant Midland Funding LLC in a state-court action that is currently pending against him.  Plaintiff filed this action after he voluntarily dismissed the cross-complaint he had filed in the state-court action.  Any additional expense or inconvenience that Plaintiff seeks to avoid is of his own doing.

This action was commenced on July 27, 2007.  Defendants were not served with the Complaint until August 8, 2007, and answered the Complaint on August 27, 2007.  Defendants have not had an opportunity to propound written discovery on Plaintiff, as the parties only met and conferred on September 12, 2007, as required by Rule 26(f) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. Proc. 26(d).  On September 12, 2007, immediately after the parties met and

1    conferred, Plaintiff served his deposition notice on Defendants.  Plaintiff's notice

2    of his own deposition is an improper attempt to foreclose Defendants from later

3    deposing Plaintiff after they have had an opportunity to propound written

4    discovery on Plaintiff, as is their right.

5

6    DATED: September 17, 2007    SIMMONDS & NARITA LLP
7                            TOMIO B. NARITA
                             JEFFREY A. TOPOR

8

9

10                       By: _____

11                          Jeffrey A. Topor
                         Attorneys for Defendants
12                          Defendants Midland Funding LLC and
                         Midland Credit Management, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California.  I am over the age of eighteen years and not a party to this action.  My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by facsimile, which correspondence is faxed that same day in the ordinary course of business and by  Federal Express Overnight Delivery and that said correspondence is delivered to an authorized representative of the courier services with delivery fees provided for in the ordinary course of business

On this date, I served a copy of the following document(s):

**OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF KIRK MILLER**

by causing such document(s) to be faxed to the facsimile number and mailed to the address indicated below:

VIA FACSIMILE AND FEDERAL EXPRESS

Alexander B. Trueblood
Trueblood Law Firm
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Facsimile: 310-234-4023
Counsel for Defendant

VIA FACSIMILE
Mark Ellis
Andrew Steinheimer
Ellis Coleman Poirier LaVoie and Steinheimer
555 University Avenue, Suite 200
Sacramento, CA 95825
Facsimile: 916-565-1636

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at San Francisco, California on this 17th day of September, 2007.

_____

Stephanie Schmitt

Mark E. Ellis – 127159
Andrew M. Steinheimer – 200524
ELLIS, COLEMAN, POIRIER, LAVOIE,
  & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA  95825
Tel: (916) 565-0300
Fax: (916) 565-1636

Attorneys for Defendant
ESKANOS & ADLER,
A PROFESSIONAL CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK MILLER, | Case No.:  CV 07-04669 ODW (AGRx) |
| Plaintiff, | |
| v. | JOINT SCHEDULING CONFERENCE REPORT |
| MIDLAND FUNDING, LLC., MIDLAND CREDIT MANAGEMENT, INC., ESKANOS & ADLER, A PROFESSIONAL CORPORATION, and DOES 1-10, inclusive, | Date:  October 15, 2007<br>Time: 2:30 p.m. |
| | Courtroom 11 |
| Defendants. | The Honorable Otis D. Wright II |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the Court's case management order of August 28, 2007, the parties jointly submit the following Scheduling Conference Report.

**(1)  Discovery:**

The parties intend to conduct written discovery including interrogatories, requests for production of documents and requests for admissions.  The parties intend to conduct depositions including the deposition of plaintiff and depositions of representatives of defendants.  The parties propose a discovery cut-off date of July 1, 2008.

/ / / /

/ / / /

- 1 -

**EXHIBIT**

tabbies®

*D*

10/1

**(2)  Law And Motion:**

The parties intend to file motions for summary judgment and/or motions for judgment on the pleadings.  The parties propose a dispositive motion cut-off date of July 14, 2007, all motions must be scheduled for hearing on or before this date.

**(3)  Settlement:**

The parties have not discussed settlement except for the general proposition that an early settlement is preferable to all parties.  Defendants have requested that plaintiff provide them with a settlement demand so that they can determine what plaintiff wants in this action.  To date, plaintiff has not made a settlement demand.  Defendants have not made an offer to settle the case.

Defendant's Midland Funding and Midland Credit request a settlement conference with a magistrate judge pursuant to Local Rule 16-14.4(1).  Plaintiff and Defendant Eskanos & Adler request a mediation with an attorney from the Attorney Settlement Officer Panel pursuant to Local Rule 16-14.4(2).

**(4)  Length of Trial:**

The parties estimate that the trial of this action will take 7 days.  The parties propose a trial date of September 8, 2008, with a Final Pre-Trial Conference on August 4, 2008.

**(5)  Additional Parties:**

Defendants are not aware of any additional parties that are likely to be added to this case.  Plaintiff may substitute Does for new defendants after discovery, and requests a deadline in May, 2008 for such amendments.

**(6)  Jury Trial:**

All parties have requested a trial by jury.

**(7)  Other Issues:**

Currently pending in the Superior Court of California is a collection action brought by Midland Funding LLC against plaintiff, which is scheduled to begin trial in January 2008.  Defendant Eskanos & Adler does not believe that this action will affect

-2-

the conduct of this lawsuit.  Plaintiff maintains that resolution of the underlying action may affect this case because plaintiff contends the underlying action is barred by the statute of limitations and that defendants do not have standing to pursue it, both alleged FDCPA violations.  In addition, the parties have had a dispute concerning the deposition of plaintiff in that action.

**(8)  Proposal Re Severance, Bifurcation or Order of Proof:**

None.

**(9)  Synopsis of Principle Issues:**

Plaintiff alleges that defendants Midland Funding, Midland Credit and Eskanos & Adler violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by making false statements to a credit reporting agency, making misrepresentations in the underlying collection lawsuit filed against plaintiff and by making inappropriate telephone calls to plaintiff and third parties.  Plaintiff also claims that Midland Funding violated the California Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.  Plaintiff also claims that Midland Funding and Eskanos & Adler violated plaintiff's common law right to privacy.

**Factual Issues:**

The parties submit the following principle factual issues.  This listing is not intended to limit the claims or defenses of any party herein.

a.     Did Midland report an inaccurate amount to a credit reporting agency.

b.     Did Midland fail to report the debt as disputed after receiving notice that the debt was disputed.

c.     Did Midland falsely report that it owned the debt.

d.     Did Midland falsely report that plaintiff could not be located.

e.     Did Midland falsely report two debts when only one debt existed.

f.     Did the contract creating the debt provide for attorney's fees.

g.     Did Eskanos & Adler improperly contact any third party.

h.      Did Eskanos & Adler fail to identify itself as a debt collector or provide other required notices.

i.      Was Eskanos & Adler rude or abusive to plaintiff.

j.      Did Eskanos & Adler threaten to seize plaintiff's house.

k.      Was the debt a consumer debt.

l.      Did Eskanos & Adler fail to identify itself when calling plaintiff.

m.      Did Eskanos & Adler make excessive telephone calls.

**Legal Issues:**

The parties submit the following principle legal issues. This listing is not intended to limit the claims or defenses of any party herein.

a.      Are Midland and Eskanos & Adler able to make a claim for attorney's fees in a complaint before such fees are incurred.

b.      Was Eskanos & Adler required to provide the 15 U.S.C. § 1692e(11) admonitions when trying to locate plaintiff.

c.      Were any messages or calls with third parties communications as defined by the FDCPA.

d.      Was the number of telephone calls to plaintiff excessive so as to be harassing in violation of the FDCPA.

e.      Is Midland Funding a debt collector.

f.      Is Midland Credit Management a debt collector.

g.      Can plaintiff demand statutory damages under both the FDCPA and Rosenthal FDCPA for the same alleged misconduct.

h.      Does the tort of invasion of privacy lie in these circumstances.

**(10) Amendment to the Pleadings:**

Defendants do not intend to amend the pleadings. Plaintiff may add additional parties as Does if discovery so warrants, but knows of no additional parties at this time.

////

////

- 4 -

**(11) Issues Determined By Motion:**

Both defendants and plaintiff believes that some of the outstanding factual and legal issues will be the subject of various motions.  However, at this early stage, the parties are not able to determine exactly which, if any, issues will be subject to dispositive motions.

Dated:  October 1, 2007              ELLIS, COLEMAN, POIRIER, LAVOIE,
                                     & STEINHEIMER, LLP


                                     By _____ with permission for
                                        Andrew Steinheimer
                                        Attorneys for Defendant Eskanos & Adler,
                                        APC

Dated:  October 1, 2007              SIMMONDS & NARITA, LLP


                                     By _____
                                        Jeffrey Topor
                                        Attorneys for Defendants Midland Funding
                                        LLC and Midland Credit Management

Dated:  October 1, 2007              TRUEBLOOD LAW FIRM


                                     By _____ with permission for
                                        Alexander Trueblood
                                        Attorneys for Plaintiff Kirk Miller

- 5 -

# **PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is: 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served copies of the following documents:

**1)      Joint Scheduling Conference Report**

by causing such document to be placed in a sealed envelope for collection and delivery as indicated below:

Alexander B. Trueblood
Trueblood Law Firm
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Facsimile: 310-234-4023
Counsel for Defendant Eskanos & Adler

Mark Ellis
Andrew Steinheimer
Ellis Coleman Poirier LaVoie and Steinheimer
555 University Avenue, Suite 200
Sacramento, CA 95825
Facsimile: 916-565-1636
Counsel for Plaintiff Kirk Miller

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on the 1st day of October, 2007.

_____
Tiffany Dorsey

PROOF OF SERVICE

**Jennifer Mueller**

| | |
|---|---|
| **From:** | Andrew Steinheimer |
| **Sent:** | Sunday, October 28, 2007 5:06 PM |
| **To:** | Alec Trueblood |
| **Cc:** | Jennifer Mueller |
| **Subject:** | Miller v. Eskanos & Adler |

Alec,
I just wanted to follow-up with you regarding the Miller case. I believe that you were going to send me a demand so we could start discussing settlement and hopefully resolve this case in the early stages. Please let me know if plaintiff has a demand that I relay to the client.
Thanks.

-Andrew Steinheimer

***Ellis Coleman Poirier La Voie & Steinheimer, LLP***
*555 University Avenue, Suite 200*
*Sacramento CA 95825*
*(916) 283-8820 ext. 28*
*(916) 283-8821 (fax)*



EXHIBIT

*E*

# TRUEBLOOD LAW FIRM

10940 WILSHIRE BOULEVARD, SUITE 1600
LOS ANGELES, CALIFORNIA 90024

TELEPHONE (310) 443-4139
FACSIMILE (310) 394-4053

November 13, 2007

<u>Settlement Communication: Privileged and Confidential</u>

<u>Via Facsimile</u> (916) 283-8821

Andrew Steinheimer, Esq.
Ellis, Coleman et. al.
555 University Ave., #200
Sacramento, CA 95825

Re:  <u>Miller v. Eskanos & Adler</u>

Dear Mr. Steinheimer:

At this time, my client is prepared to settle with Eskanos & Adler and its attorneys only, on the following terms:

1. Eskanos & Adler to pay $7,000 to my client.

2. Eskanos & Adler to pay plaintiff's reasonable attorneys fees in this action of $15,000.

3. Eskanos & Adler to delete any credit reporting it made as to the subject account.

4. Both parties to provide mutual releases, and plaintiff to dismiss the federal case with prejudice as to Eskanos & Adler and its attorneys only.

5. Your clients to provide documentation from the account, including the collection log.

Thank you for your consideration of the above. I look forward to your prompt response.

Sincerely,

Alexander B. Trueblood

EXHIBIT

F

Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
ELLIS, COLEMAN, POIRIER, LAVOIE,
 & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendants ESKANOS & ADLER, P.C

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK MILLER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., ESKANOS & ADLER, A PROFESSIONAL CORPORATION,<br><br>　　　　Defendants. | Case No.:  CV 07-04869<br><br>**RULE 68 OFFER OF JUDGMENT** |

Defendant ESKANOS & ADLER, hereby offers to allow judgment to be entered against it and in favor of plaintiff KIRK MILLER, pursuant to Rule 68 of the Federal Rules of Civil Procedure according to the following terms:

Judgment to be entered in favor of plaintiff Kirk Miller against Eskanos & Adler, a professional corporation in the amount of $1,001.  In addition to this amount, Kirk Miller to be awarded reasonable attorney's fees and costs, to be mutually agreed upon by the parties, or if no agreement can be reached, to be determined by the Court in accordance with 15 U.S.C. § 1692k.

Pursuant to Federal Rules of Civil Procedure, Rule 68, plaintiff may accept this offer by serving written notice that the offer is accepted within 10 days of service of this offer.  If the offer is not accepted within 10 days, it is deemed withdrawn.  This offer is

- 1 -

EXHIBIT

G

made for the purposes specified in Rule 68 and is not considered an admission of liability.

Dated: February 1, 2008

ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP

By _____
Andrew M. Steinheimer
Attorney for Defendants
ESKANOS & ADLER, P.C.

- 2 -

# CERTIFICATE OF SERVICE

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.   My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On February 1, 2008, I served the following document(s) on the parties in the within action:

## RULE 68 OFFER OF JUDGMENT

|   | |
|---|---|
|   | **VIA ELECTRONIC SERVICE**:  The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
| **X** | **BY MAIL**: I am familiar with the business practice for collection and processing of mail.  The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
|   | **BY HAND**:  The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
|   | **VIA FACSIMILE**:  The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
|   | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Alexander B. Trueblood<br>TRUEBLOOD LAW FIRM<br>10940 Wilshire Boulevard<br>Suite 1600<br>Los Angeles, CA 90024 | Attorneys for<br>Plaintiff Kirk Miller |
| Tomio B. Narita<br>SIMMONDS & NARITA LLP<br>44 Montgomery Street<br>Suite 3010<br>San Francisco, CA 94104 | Attorneys for<br>Defendant Midland Credit Management, Inc. |

RULE 68 OFFER OF JUDGMENT

| | |
|---|---|
| Robert Stempler<br>Consumer & Tax Law Office<br>3400 Inland Empire Blvd., Suite 101<br>Ontario, CA 91764 | Attorneys for<br>Plaintiff Kirk Miller |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on February 1, 2008.

By _____
Jennifer E. Mueller

**Jennifer Mueller**

| | |
|---|---|
| **From:** | Robert Stempler [stemplerlaw@gmail.com] |
| **Sent:** | Thursday, February 14, 2008 3:43 PM |
| **To:** | Andrew Steinheimer |
| **Cc:** | Alec Trueblood; Jennifer Mueller; Mark Ellis |
| **Subject:** | Re: Miller v. E&A |

Andrew:

Though there is not much more room left, Plaintiff will counter offer to your client's
counter, at $18,000.  Please let me know your response to this, to try and wrap this up
promptly.

Thanks,
Robert Stempler

On Thu, Feb 14, 2008 at 8:48 AM, Andrew Steinheimer <ASteinheimer@ecplslaw.com> wrote:
>
>
>
>
> This is a settlement communication and cannot be used for any other purpose.
>
>
>
> I discussed your settlement demand with the client and in short, we
> really do not believe that there is any basis for actual damage in
> this case and that Mr. Miller will not be able to beat the Rule 68
> Offer of Judgment that we have previously extended.  However, in the
> interests of trying to resolve this case without further litigation,
> the client is willing to pay a lump sum of $5,000 inclusive of all
> damages, fees and costs.  This can obviously be divided between you
> and the client in any manner you see fit.  In return, E&A requests a
> waiver of all known and unknown claims and a dismissal with prejudice.
>
>
>
> Mark and I will have a counter offer for you with regard to the Ambriz
> case shortly.
>
>
>
>
>
> -Andrew Steinheimer
>
>
>
> Ellis Coleman Poirier La Voie & Steinheimer, LLP
>
> 555 University Avenue, Suite 200
>
> Sacramento CA 95825
>
> (916) 283-8820 ext. 28
>
> (916) 283-8821 (fax)
>
>

--

**EXHIBIT**

H

**Jennifer Mueller**

| | |
|---|---|
| **From:** | Alec Trueblood [abtlaw@earthlink.net] |
| **Sent:** | Monday, October 01, 2007 4:08 AM |
| **To:** | Jeffrey Topor; Andrew Steinheimer |
| **Cc:** | Jennifer Mueller |
| **Subject:** | RE: Miller Joint Case Report |

Andrew, Jeffrey, and Jennifer,

My comments are as follows...

In the section on additional parties, add a sentence saying ''Plaintiff may substitute Does for new defendants after discovery, and requests a deadline in May, 2008 for such amendments.''

In the section on the other action, I do not agree that its resolution will not affect this action. Please add a sentence....''Plaintiff maintains that resolution of the underlying action may affect this case because plaintiff contends the underlying action is barred by the statute of limitations and that defendants do not have standing to pursue it, both alleged FDCPA violations. In addition, the parties have had a dispute concerning the deposition of plaintiff in that action.''

In the section on settlement, add a sentence ''Defendants have not made an offer to settle the case.''

In the section on amendments, add a sentence ''Plaintiff may add additional parties as Does if discovery so warrants, but knows of no additional parties at this time.''

Thank you, with those changes, I approve the report and you may state that you are signing with my permission.

Alec Trueblood

-----Original Message-----
From: Jeffrey Topor
Sent: Sep 30, 2007 11:32 PM
To: Andrew Steinheimer , Alec Trueblood
Cc: Jennifer Mueller
Subject: RE: Miller Joint Case Report

10/1/2007

**EXHIBIT**

I

ALEXANDER B. TRUEBLOOD (Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone:  (310) 443-4139
Facsimile: (310) 234-4023

Attorneys for Plaintiff
KIRK MILLER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

KIRK MILLER,

          Plaintiff,

    vs.

MIDLAND FUNDING LLC.,
MIDLAND CREDIT
MANAGEMENT, INC., ESKANOS &
ADLER, A PROFESSIONAL
CORPORATION, and DOES 1-10,
inclusive,

          Defendants.

Case No:  07-CV-04869 ODW (AGRx)

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO
DEFENDANT ESKANOS &
ADLER, APC**

**EXHIBIT**

J

DEFENDANT'S FIRST SET OF INTERROGATORIES

1/10

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

Defendant hereby demands, pursuant to the Federal Rules of Civil Procedure, that defendant Eskanos & Adler APC respond under oath to the following interrogatories within the time permitted by law.

<u>DEFINITIONS</u>

1.    The term "DOCUMENT" means any and all tangible things upon which any expression, communication or representation is reflected or has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, magnetic impulse, or mechanical, phonic or electronic recording, computerized data whether on disk, hard drive or otherwise, and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that the copies were sent to different individuals than were the originals, or any other reason), including but not limited to abstracts, agreements, analyses, blueprints, books, brochures, circulars, compilations, consultants' reports or studies, contracts, databases, files, graphs, insurance policies, letters, lists, manuals, maps, notebooks, opinions, pamphlets, papers, pictures, plans, projections, press releases or clippings, publications, reports, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, minutes or records of any sort of meeting, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone message slips, desk calendars, appointment books, computer tapes, computer disks, computer printouts, computer cards, electronically stored data, and all other writings (as that term is defined in Evidence Code § 250) and recordings of any kind.

2.   The term "YOU" or "YOUR" means Eskanos & Adler, A Professional Corporation and any of its present or former employees, officers, directors, agents, representatives, investigators, or attorneys.

3.   The term "CONCERNING" or "CONCERN" means constituting, referring to, alluding to, relating to, connected with, commenting upon, in respect of, about, regarding, discussing, reflecting, analyzing, evaluating, summarizing, or touching upon.

1

1    4. The term "PLAINTIFF" means defendant Kirk Miller.

2    5. The term "ORIGINAL CREDITOR" means the original creditor who YOU

3    contend originated the ACCOUNT.

4    6. The term "ACCOUNT" means the credit card account upon which Midland

5    Funding LLC sued Kirk Miller in the Los Angeles Superior Court.

6                              <u>INTERROGATORIES</u>

7    <u>INTERROGATORY NO. 1</u>

8    What was the first date that PLAINTIFF or anyone acting on his behalf notified YOU

9    that the ACCOUNT was disputed?

10   <u>INTERROGATORY NO. 2</u>

11   What was the first date that Eskanos & Adler sent a letter to anyone obligated to pay

12   on the ACCOUNT?

13   <u>INTERROGATORY NO. 3</u>

14   What dollar amount of attorneys fees had YOU actually incurred as to the ACCOUNT

15   as of the date YOU filed the state court collection complaint against PLAINTIFF in the Los

16   Angeles Superior Court?

17   <u>INTERROGATORY NO. 4</u>

18   How many attorney hours had YOU incurred with respect to the ACCOUNT as of the

19   date of filing of YOUR complaint against PLAINTIFF in the Los Angeles Superior Court?

20   <u>INTERROGATORY NO. 5</u>

21   Did the credit card contract upon which Midland Funding LLC sued PLAINTIFF in

22   the Los Angeles Superior Court provide for attorneys fees and costs?

23   <u>INTERROGATORY NO. 6</u>

24   If the credit card contract upon which Midland Funding LLC sued PLAINTIFF in the

25   Los Angeles Superior Court provided for attorneys fees and costs, quote the exact language

26   which so provided.

27   <u>INTERROGATORY NO. 7</u>

28

                                    2

Was the credit card contract upon which Midland Funding LLC sued PLAINTIFF in the Los Angeles Superior Court signed by PLAINTIFF?

INTERROGATORY NO. 8

If YOU contend that the Los Angeles Superior Court's default attorneys fees schedule allowed YOU to claim attorneys fees of $8,390.62 in the state court complaint against PLAINTIFF, please identify the specific default schedule YOU used, and how you calculated the $8,390.62 as the amount of attorneys fees claimed.

INTERROGATORY NO. 9

Was the original creditor on the ACCOUNT a bank?

INTERROGATORY NO. 10

What was the maximum amount PLAINTIFF owed on the ACCOUNT as of April 24, 2007?

INTERROGATORY NO. 11

What is the maximum amount (including principal, interest, and any delinquency or late fees) that PLAINTIFF ever owed YOU on the ACCOUNT?

INTERROGATORY NO. 12

During what specific periods of time did YOU not have any current address for PLAINTIFF?

INTERROGATORY NO. 13

During what specific periods of time did YOU not have any current telephone number for PLAINTIFF?

INTERROGATORY NO. 14

Identify all dates when YOU received mail unreturned from an address where you had mailed a letter to PLAINTIFF.

INTERROGATORY NO. 15

If YOU made collection calls on the ACCOUNT to PLAINTIFF after September 7, 2006, identify the dates of all such calls.

INTERROGATORY NO. 16

3

1    If YOU called anyone on the ACCOUNT between September 7, 2006 and September

2    14, 2006, identify the date, substance, and participants of each such call.

3    INTERROGATORY NO. 17

4    What was the date of YOUR first oral communication with any person obligated to

5    pay on the ACCOUNT?

6    INTERROGATORY NO. 18

7    Identify (name, address, phone number) each person other than PLAINTIFF with

8    whom YOU had any contact regarding the ACCOUNT, and the number of calls YOU

9    initiated to that person.

10   INTERROGATORY NO. 19:

11   Identify (title, operator number or initials, last known name, address, and telephone

12   number) each of Eskanos & Adler's **current employees** who had any contact with

13   PLAINTIFF or others regarding the ACCOUNT.

14   INTERROGATORY NO. 20:

15   Identify (title, operator number or initials, last known name, address, and telephone

16   number) each of Eskanos & Adler's **ex employees** who had any contact with PLAINTIFF or

17   others regarding the ACCOUNT.

18   INTERROGATORY NO. 21:

19   State all facts upon which YOU base YOUR affirmative defense of "bona fide error."

20

21   Dated:  January 10, 2008                     Respectfully Submitted,

22                                                TRUEBLOOD LAW FIRM

23

24                                       By:     _____
                                                 Alexander B. Trueblood
25
                                                 Attorneys for Defendant
26                                               KIRK MILLER

27

28

                                         4

## PROOF OF SERVICE

I reside in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 10940 Wilshire Blvd., Ste. 1600, Los Angeles, California 90024.

On January 10, 2008, I served the foregoing documents described as:

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ESKANOS & ADLER**

by causing them to be personally delivered to the interested parties in this action:

Ellis Coleman, et. al.
Andrew Steinheimer, Esq.
555 University Ave., #200
Sacramento, CA 95825

Simmonds & Narita LLP
Jeff Topor, Esq.
44 Montgomery Street, Suite 3010
San Francisco, CA 94104

Executed on January 10, 2008, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Alexander B. Trueblood

1   ALEXANDER B. TRUEBLOOD (Bar No. 150897)
    TRUEBLOOD LAW FIRM
2   10940 Wilshire Boulevard, Suite 1600
    Los Angeles, California 90024
3   Telephone: (310) 443-4139
    Facsimile: (310) 234-4023
4
    Attorneys for Plaintiff
5   KIRK MILLER

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  KIRK MILLER,                      )  Case No:  07-CV-04869 ODW (AGRx)
                                      )
12           Plaintiff,               )  **PLAINTIFF'S FIRST SET OF**
                                      )  **DOCUMENT DEMANDS TO**
13      vs.                           )  **DEFENDANT ESKANOS &**
                                      )  **ADLER, APC**
14  MIDLAND FUNDING LLC.,             )
15  MIDLAND CREDIT                    )
    MANAGEMENT, INC., ESKANOS &       )
16  ADLER, A PROFESSIONAL             )
    CORPORATION, and DOES 1-10,       )
17  inclusive,                        )
18                                    )
19           Defendants.              )
                                      )
20                                    )
                                      )
21                                    )
22                                    )

23

24

25

26                                        ┌─────────────────┐
                                          │    **EXHIBIT**      │
27                                        │      K          │
                                          └─────────────────┘
28

────────────────────────────────────────
DEFENDANT'S FIRST SET OF IDOCUMENT DEMANDS

1/10

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

Defendant hereby demands, pursuant to the Federal Rules of Civil Procedure, that defendant Eskanos & Adler respond under oath to the following document demands within the time permitted by law.

<u>DEFINITIONS</u>

1.     The term "DOCUMENT" means any and all tangible things upon which any expression, communication or representation is reflected or has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, magnetic impulse, or mechanical, phonic or electronic recording, computerized data whether on disk, hard drive or otherwise, and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that the copies were sent to different individuals than were the originals, or any other reason), including but not limited to abstracts, agreements, analyses, blueprints, books, brochures, circulars, compilations, consultants' reports or studies, contracts, databases, files, graphs, insurance policies, letters, lists, manuals, maps, notebooks, opinions, pamphlets, papers, pictures, plans, projections, press releases or clippings, publications, reports, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, minutes or records of any sort of meeting, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone message slips, desk calendars, appointment books, computer tapes, computer disks, computer printouts, computer cards, electronically stored data, and all other writings (as that term is defined in Evidence Code § 250) and recordings of any kind.

2.     The term "YOU" or "YOUR" means Eskanos & Adler, A Professional Corporation and any of its present or former employees, officers, directors, agents, representatives, investigators, or attorneys.

1

3.  The term "CONCERNING" or "CONCERN" means constituting, referring to, alluding to, relating to, connected with, commenting upon, in respect of, about, regarding, discussing, reflecting, analyzing, evaluating, summarizing, or touching upon.

4.  The term "PLAINTIFF" means defendant Kirk Miller.

5.  The term "ORIGINAL CREDITOR" means the original creditor who YOU contend originated the ACCOUNT.

6.  The term "ACCOUNT" means the credit card account upon which Midland Funding LLC sued Kirk Miller in the Los Angeles Superior Court.

<u>DOCUMENT DEMANDS</u>

REQUEST NO. 1:

All DOCUMENTS which CONCERN PLAINTIFF or the ACCOUNT.

REQUEST NO. 2

All DOCUMENTS which support YOUR affirmative defenses in YOUR Answer.

REQUEST NO. 3

Any contracts or agreements between PLAINTIFF and the ORIGINAL CREDITOR.

REQUEST NO. 4

All DOCUMENTS which support YOUR contention that Midland Funding LLC currently owns the ACCOUNT, <u>including</u> any list(s) of accounts allegedly transferred containing DEFENDANT's name or account number.

REQUEST NO. 5:

All of the ORIGINAL CREDITOR's monthly account statements as to the ACCOUNT.

REQUEST NO. 6:

All of Midland Funding LLC's or Midland Credit Management, Inc.'s statements of account, as to the ACCOUNT.

2

1   REQUEST NO. 7:

2        All DOCUMENTS which constitute correspondence sent by YOU to

3   PLAINTIFF.

4   REQUEST NO. 8:

5        All DOCUMENTS which constitute correspondence sent by PLAINTIFF to

6   YOU.

7   REQUEST NO. 9:

8        YOUR collection log as to the ACCOUNT, including any record of oral or

9   written contacts with PLAINTIFF or third parties.

10   REQUEST NO. 10:

11        All DOCUMENTS identified in YOUR initial disclosures in this case.

12   REQUEST NO. 11:

13        YOUR agreement with Midland Funding LLC and/or Midland Credit

14   Management, Inc. which governed YOUR attorney-client relationship regarding the

15   ACCOUNT.

16   REQUEST NO. 12:

17        All billings YOU sent to Midland Funding LLC and/or Midland Credit

18   Management, Inc. with respect to the ACCOUNT.

19   REQUEST NO. 13

20        All DOCUMENTS which constitute YOUR policies and procedures

21   regarding compliance with the Fair Debt Collection Practices Act.

22   REQUEST NO. 14

23        All DOCUMENTS which constitute YOUR policies and procedures

24   regarding credit reporting of disputed accounts.

25

26

27

28

DEFENDANT'S FIRST SET OF DOCUMENT DEMANDS

REQUEST NO. 15

All DOCUMENTS which constitute YOUR policies and procedures regarding litigation on collection accounts.

REQUEST NO. 16

All DOCUMENTS which constitute YOUR policies and procedures regarding collection phone calls to persons other than the debtor.

Dated:  January 10, 2008

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____
Alexander B. Trueblood

Attorneys for Plaintiff
KIRK MILLER

4

## PROOF OF SERVICE

I reside in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 10940 Wilshire Blvd., Ste. 1600, Los Angeles, California 90024.

On January 10, 2008, I served the foregoing documents described as:

**PLAINTIFF'S FIRST SET OF DOCUMENT DEMANDS TO ESKANOS & ADLER**

by causing them to be personally delivered to the  interested parties in this action:

Ellis Coleman, et. al.
Andrew Steinheimer, Esq.
555 University Ave., #200
Sacramento, CA 95825

Simmonds & Narita LLP
Jeff Topor, Esq.
44 Montgomery Street, Suite 3010
San Francisco, CA 94104

Executed on January 10, 2008, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Alexander B. Trueblood

ALEXANDER B. TRUEBLOOD (Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (310) 443-4139
Facsimile: (310) 234-4023

Attorneys for Plaintiff
KIRK MILLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK MILLER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MIDLAND FUNDING LLC.,<br>MIDLAND CREDIT<br>MANAGEMENT, INC., ESKANOS &<br>ADLER, A PROFESSIONAL<br>CORPORATION, and DOES 1-10,<br>inclusive,<br><br>　　　　　Defendants. | Case No: 07-CV-04869 ODW (AGRx)<br><br>**PLAINTIFF'S FIRST SET OF<br>INTERROGATORIES TO<br>DEFENDANT MIDLAND<br>FUNDING LLC** |

**EXHIBIT**

L

DEFENDANT'S FIRST SET OF INTERROGATORIES

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

Defendant hereby demands, pursuant to the Federal Rules of Civil Procedure, that defendant Midland Funding LLC respond under oath to the following interrogatories within the time permitted by law.

## DEFINITIONS

1.     The term "DOCUMENT" means any and all tangible things upon which any expression, communication or representation is reflected or has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, magnetic impulse, or mechanical, phonic or electronic recording, computerized data whether on disk, hard drive or otherwise, and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that the copies were sent to different individuals than were the originals, or any other reason), including but not limited to abstracts, agreements, analyses, blueprints, books, brochures, circulars, compilations, consultants' reports or studies, contracts, databases, files, graphs, insurance policies, letters, lists, manuals, maps, notebooks, opinions, pamphlets, papers, pictures, plans, projections, press releases or clippings, publications, reports, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, minutes or records of any sort of meeting, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone message slips, desk calendars, appointment books, computer tapes, computer disks, computer printouts, computer cards, electronically stored data, and all other writings (as that term is defined in Evidence Code § 250) and recordings of any kind.

2.  The term "YOU" or "YOUR" means Midland Funding LLC and/or Midland Credit Management, Inc., and any of their present or former employees, officers, directors, agents, representatives, investigators, or attorneys.

3.  The term "CONCERNING" or "CONCERN" means constituting, referring to, alluding to, relating to, connected with, commenting upon, in respect of, about, regarding, discussing, reflecting, analyzing, evaluating, summarizing, or touching upon.

1

1    4. The term "PLAINTIFF" means defendant Kirk Miller.

2    5. The term "ORIGINAL CREDITOR" means the original creditor who YOU

3 contend originated the ACCOUNT.

4    6. The term "ACCOUNT" means the credit card account upon which Midland

5 Funding LLC sued Kirk Miller in the Los Angeles Superior Court.

6 <div align="center">INTERROGATORIES</div>

7 INTERROGATORY NO. 1

8    What was the first date that Midland Funding LLC reported, or caused to be reported,

9 the ACCOUNT as disputed to any credit reporting agency?

10 INTERROGATORY NO. 2

11    What was the first date that Midland Credit Management, Inc. reported the

12 ACCOUNT as disputed to any credit reporting agency?

13 INTERROGATORY NO. 3

14    If Midland Funding LLC has ever been a legal owner of the ACCOUNT, state the

15 exact dates of its ownership.

16 INTERROGATORY NO. 4

17    If Midland Credit Management, Inc. has ever been a legal owner of the ACCOUNT,

18 state the exact dates of its ownership.

19 INTERROGATORY NO. 5

20    What was the first date that Eskanos & Adler made a telephone call to PLAINTIFF's

21 telephone number regarding the ACCOUNT?

22 INTERROGATORY NO. 6

23    What was the first date that Eskanos & Adler sent a letter to PLAINTIFF on the

24 ACCOUNT?

25 INTERROGATORY NO. 7

26    What dollar amount of attorneys fees had YOU actually incurred as of the date YOU

27 filed the state court collection complaint against PLAINTIFF in the Los Angeles Superior

28 Court?

<div align="center">2</div>

INTERROGATORY NO. 8

How many attorney hours had YOU incurred with respect to the ACCOUNT as of the date of filing of YOUR complaint against PLAINTIFF in the Los Angeles Superior Court?

INTERROGATORY NO. 9

Did the credit card contract upon which Midland Funding LLC sued PLAINTIFF in the Los Angeles Superior Court provide for attorneys fees and costs?

INTERROGATORY NO. 10

If the credit card contract upon which Midland Funding LLC sued PLAINTIFF in the Los Angeles Superior Court provided for attorneys fees and costs, quote the exact language which so provided.

INTERROGATORY NO. 11

Was the credit card contract upon which Midland Funding LLC sued PLAINTIFF in the Los Angeles Superior Court signed by PLAINTIFF?

INTERROGATORY NO. 12

If YOU contend that the Los Angeles Superior Court's default attorneys fees schedule allowed YOU to claim attorneys fees of $8,390.62 in the state court complaint against PLAINTIFF, please identify and quote the specific default schedule YOU used, and how you calculated the $8,390.62 as the amount of attorneys fees claimed.

INTERROGATORY NO. 13

Was the original creditor on the ACCOUNT a bank?

INTERROGATORY NO. 14

What was the maximum amount PLAINTIFF owed on the ACCOUNT as of April 24, 2007?

INTERROGATORY NO. 15

What is the maximum amount (including principal, interest, and any delinquency or late fees) that PLAINTIFF ever owed YOU on the ACCOUNT?

INTERROGATORY NO. 16

What interest rate(s) did YOU apply to the ACCOUNT after it had charged off?

3

INTERROGATORY NO. 17

During what specific periods of time did YOU not have any current address for PLAINTIFF?

INTERROGATORY NO. 18

During what specific periods of time did YOU not have any current telephone number for PLAINTIFF?

INTERROGATORY NO. 19

Identify all dates when YOU received mail unreturned from an address where you had mailed a letter to PLAINTIFF.

INTERROGATORY NO. 20

Identify (by date and exact entities in each transaction) each sale or transfer of the ACCOUNT, which resulted in Midland Funding LLC owning the ACCOUNT.

INTERROGATORY NO. 21

Did any entity ever transfer legal ownership of the ACCOUNT to Midland Credit Management, Inc.?

INTERROGATORY NO. 22:

Identify each date that YOU communicated to the credit reporting agencies (Equifax, Trans Union, or Experian) information concerning the ACCOUNT.

INTERROGATORY NO. 23:

For each date that YOU communicated to the credit reporting agencies (Equifax, Trans Union, or Experian) information concerning the ACCOUNT, state what information YOU reported.

Dated:  December 31, 2007

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By:  _____
     Alexander B. Trueblood

Attorneys for Defendant
KIRK MILLER

4

## PROOF OF SERVICE

I reside in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 10940 Wilshire Blvd., Ste. 1600, Los Angeles, California 90024.

On January 10, 2008, I served the foregoing documents described as:

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO MIDLAND FUNDING LLC**

by causing them to be personally delivered to the  interested parties in this action:

Ellis Coleman, et. al.
Andrew Steinheimer, Esq.
555 University Ave., #200
Sacramento, CA 95825

Simmonds & Narita LLP
Jeff Topor, Esq.
44 Montgomery Street, Suite 3010
San Francisco, CA 94104

Executed on January 10, 2008, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Alexander B. Trueblood

ALEXANDER B. TRUEBLOOD (Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (310) 443-4139
Facsimile: (310) 234-4023

Attorneys for Plaintiff
KIRK MILLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK MILLER,<br><br>          Plaintiff,<br><br>     vs.<br><br>MIDLAND FUNDING LLC.,<br>MIDLAND CREDIT<br>MANAGEMENT, INC., ESKANOS &<br>ADLER, A PROFESSIONAL<br>CORPORATION, and DOES 1-10,<br>inclusive,<br><br>          Defendants. | Case No:  07-CV-04869 ODW (AGRx)<br><br>**PLAINTIFF'S FIRST SET OF<br>DOCUMENT DEMANDS TO<br>DEFENDANT MIDLAND CREDIT<br>MANAGEMENT, INC.** |

EXHIBIT

_M_

tabbies®

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

Defendant hereby demands, pursuant to the Federal Rules of Civil Procedure, that defendant Midland Credit Management, Inc. respond under oath to the following document demands within the time permitted by law.

### DEFINITIONS

1.    The term "DOCUMENT" means any and all tangible things upon which any expression, communication or representation is reflected or has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, magnetic impulse, or mechanical, phonic or electronic recording, computerized data whether on disk, hard drive or otherwise, and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that the copies were sent to different individuals than were the originals, or any other reason), including but not limited to abstracts, agreements, analyses, blueprints, books, brochures, circulars, compilations, consultants' reports or studies, contracts, databases, files, graphs, insurance policies, letters, lists, manuals, maps, notebooks, opinions, pamphlets, papers, pictures, plans, projections, press releases or clippings, publications, reports, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, minutes or records of any sort of meeting, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone message slips, desk calendars, appointment books, computer tapes, computer disks, computer printouts, computer cards, electronically stored data, and all other writings (as that term is defined in Evidence Code § 250) and recordings of any kind.

2.   The term "YOU" or "YOUR" means Midland Funding LLC, Midland Credit Management, Inc., and any of their present or former employees, officers, directors, agents, representatives, investigators, or attorneys.

3.   The term "CONCERNING" or "CONCERN" means constituting, referring to, alluding to, relating to, connected with, commenting upon, in respect of, about, regarding, discussing, reflecting, analyzing, evaluating, summarizing, or touching upon.

4.   The term "PLAINTIFF" means defendant Kirk Miller.

5.   The term "ORIGINAL CREDITOR" means the original creditor who YOU contend originated the ACCOUNT.

6.   The term "ACCOUNT" means the credit card account upon which Midland Funding LLC sued Kirk Miller in the Los Angeles Superior Court.

<u>DOCUMENT DEMANDS</u>

REQUEST NO. 1:

All DOCUMENTS which CONCERN PLAINTIFF.

REQUEST NO. 2

All DOCUMENTS which support YOUR affirmative defenses in YOUR Answer.

REQUEST NO. 3

Any contracts or agreements between PLAINTIFF and the ORIGINAL CREDITOR.

REQUEST NO. 4

All DOCUMENTS which support YOUR contention that Midland Funding LLC currently owns the ACCOUNT, <u>including</u> any list(s) of accounts allegedly transferred containing DEFENDANT's name or account number.

REQUEST NO. 5:

All of the ORIGINAL CREDITOR's monthly account statements as to the ACCOUNT.

REQUEST NO. 6:

All of Midland Funding LLC's or Midland Credit Management, Inc.'s statements of account, as to the ACCOUNT.

2

1  REQUEST NO. 7:

2       All DOCUMENTS which constitute correspondence sent by YOU to

3  PLAINTIFF.

4  REQUEST NO. 8:

5       All DOCUMENTS which constitute correspondence sent by PLAINTIFF to

6  YOU.

7  REQUEST NO. 9:

8       YOUR collection log as to the ACCOUNT, including any record of oral or

9  written contacts with PLAINTIFF or third parties.

10  REQUEST NO. 10:

11       All DOCUMENTS identified in YOUR initial disclosures in this case.

12  REQUEST NO. 11:

13       YOUR agreement with Eskanos & Adler which governed YOUR attorney-

14  client relationship regarding the ACCOUNT.

15  REQUEST NO. 12:

16       All billings YOU sent to YOU by Eskanos & Adler with respect to the

17  ACCOUNT.

18  REQUEST NO. 13

19       All DOCUMENTS which constitute YOUR policies and procedures

20  regarding compliance with the Fair Debt Collection Practices Act.

21  REQUEST NO. 14

22       All DOCUMENTS which constitute YOUR policies and procedures

23  regarding credit reporting of disputed accounts.

24

25

26

27

28

DEFENDANT'S FIRST SET OF DOCUMENT DEMANDS

1

<u>REQUEST NO. 15</u>

2

All DOCUMENTS which constitute YOUR policies and procedures

3

regarding litigation on collection accounts.

4

5

Dated:  January 10, 2008

Respectfully Submitted,

6

TRUEBLOOD LAW FIRM

7

8

By:

Alexander B. Trueblood

9

10

Attorneys for Plaintiff
KIRK MILLER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

## PROOF OF SERVICE

I reside in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 10940 Wilshire Blvd., Ste. 1600, Los Angeles, California 90024.

On January 10, 2008, I served the foregoing documents described as:

**PLAINTIFF'S FIRST SET OF DOCUMENT DEMANDS TO MIDLAND FUNDING LLC**

by causing them to be personally delivered to the  interested parties in this action:

Ellis Coleman, et. al.
Andrew Steinheimer, Esq.
555 University Ave., #200
Sacramento, CA 95825

Simmonds & Narita LLP
Jeff Topor, Esq.
44 Montgomery Street, Suite 3010
San Francisco, CA 94104

Executed on January 10, 2008, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Alexander B. Trueblood

1  ALEXANDER B. TRUEBLOOD (Bar No. 150897)
   TRUEBLOOD LAW FIRM
2  10940 Wilshire Boulevard, Suite 1600
   Los Angeles, California 90024
3  Telephone: (310) 443-4139
   Facsimile: (310) 234-4023
4
   Attorneys for Plaintiff
5  KIRK MILLER
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
   KIRK MILLER,                      Case No:  06DW (AG-Rx)
11
12           Plaintiff,              **COMPLAINT FOR VIOLATIONS
                                     OF THE FAIR DEBT
13      vs.                          COLLECTION LAWS**
14
   MIDLAND FUNDING LLC.,
15 MIDLAND CREDIT
16 MANAGEMENT, INC., ESKANOS &
   ADLER, A PROFESSIONAL
17 CORPORATION, and DOES 1-10,
18 inclusive,
19           Defendants.
20
21
22
23
24
25
26
27
28



EXHIBIT
R



1   Plaintiff Kirk Miller hereby complains against defendants Midland Funding

2   LLC, Midland Credit Management, Inc., Eskanos & Adler, A Professional

3   Corporation, and Does 1-10, and alleges on information and belief as follows:

4   ## OPERATIVE FACTS

5   1.   Defendants are debt collectors who attempted to collect an alleged

6   credit card debt from plaintiff.  In doing so, defendants committed numerous

7   violations of the Fair Debt Collection Practices Act (FDCPA) and the Rosenthal

8   Fair Debt Collection Practices Act.

9   ### False Credit Reporting

10   2.   Defendant Midland Credit Management, Inc. ("hereinafter MCM")

11   purports to be the servicer of the alleged debt, on behalf of its principal, defendant

12   Midland Funding LLC.

13   3.   Plaintiff disputed the alleged debt in writing with Midland Funding's

14   attorneys, Eskanos & Adler.  Thereafter, MCM at the request of Midland Funding

15   reported to one or more credit reporting agencies that plaintiff owed a delinquent

16   debt, but failed to report that the account was disputed, as required by the FDCPA.

17   4.   MCM reported knowingly and falsely to the credit reporting agencies

18   that it owned a debt owed by plaintiff, when the alleged debt was not actually

19   owned by MCM.

20   5.   MCM reported knowingly and falsely to the credit reporting agencies

21   that plaintiff could not be located, or was concealing himself to avoid a debt, when

22   this was untrue. MCM knew plaintiff's address, which had not changed in years,

23   and had sent letters to plaintiff's correct address without receiving back undelivered

24   mail.

25   6.   MCM reported two simultaneous delinquent tradelines for the alleged

26   account to Experian, while knowing that only one account existed, thus harming

27   plaintiff's credit rating unjustly.

28   7.   MCM repeatedly reported to the credit reporting agencies that plaintiff

1

1  owed a debt of over $46,000, which was not true.  Midland Funding later sued

2  plaintiff to collect a debt of only approximately $33,000.

3  <div align="center">**Misrepresentations In Collection Lawsuit**</div>

        8.    Defendant Midland Funding sued plaintiff in the Los Angeles Superior

5  Court to collect the alleged debt.

6        9.    Midland Funding through its attorneys Eskanos & Adler alleged that it

   was entitled to attorneys fees pursuant to Civil Code § 1717.5, when this was

8  untrue.

        10.   Midland Funding through its attorneys Eskanos & Adler alleged that it

10 was entitled to collect $8,390.62 in attorneys fees from plaintiff.  At the time of

11 filing the complaint, Midland Funding had not incurred this amount of attorneys

12 fees.

13 <div align="center">**Harassing Calls and Invasion of Privacy**</div>

14        11.   Defendant Eskanos & Adler, on behalf of its client Midland Funding

   LLC, engaged in a campaign of harassment against plaintiff which violated the

16 FDCPA and the Rosenthal Act, and invaded plaintiff's privacy.

17        12.   Eskanos & Adler's first contact was to make a telephone call to

18 plaintiff's phone number.  The collector spoke with a third party and left a message

19 for plaintiff to call. The collector failed to state he was a debt collector attempting

   to collect a debt, and that any information would be used for that purpose, as

21 required by the FDCPA.

22        13.   Eskanos & Adler had plaintiff's true contact information at all times

   alleged herein, but made repeated contacts with third parties in violation of the

24 FDCPA, which permits third party contacts only to obtain "location information."

25 Eskanos & Adler called numerous times and spoke with third parties, including

26 plaintiff's wife and her employees, left messages for plaintiff, and asked for

27 personal information about plaintiff other than his location information.  Eskanos &

28 Adler talked to individual third parties more than once, in violation of the FDCPA.

<div align="center">2</div>




AUG-22-2007 10:17 FROM:CHUBB   AIMS            860 408 2381            To:Chubb            P.7/12

1    14.    Eskanos & Adler's collectors were rude, demanding, and abusive.

2  They made an excessive number of calls.  They refused to identify themselves.

3  They demanded information about plaintiff, hung up when the parties answering

4  the phone said they did not know, and then called back immediately and demanded

5  the information again.

6    15.    A collector from Eskanos & Adler called plaintiff's wife and told her

7  "we know about the house"  and "you better take this call very seriously."  This

8  was an unlawful threat to seize plaintiff's home, which defendants did not intend to

9  carry out, and were not legally permitted to carry out since they had not even sued

10  plaintiff at the time.

## PARTIES

11

12    16.    Plaintiff Kirk Miller is a natural person over the age of 18.

13    17.    Defendant Midland Funding LLC is a limited liability company doing

14  business in Los Angeles County, California.

15    18.    Defendant Midland Credit Management, Inc. is a Kansas corporation

16  doing business in Los Angeles County, California.

17    19.    Defendant Eskanos & Adler, A Professional Corporation is a

18  California corporation doing business in Los Angeles County, California.

19    20.    Defendants Does 1 through 10 are persons or entities whose true

20  names and capacities are presently unknown to plaintiff, and who therefore are sued

21  by such fictitious names.  Plaintiff is informed and believes and thereon alleges

22  that each of the fictitiously named defendants perpetrated some or all of the

23  wrongful acts alleged herein, is responsible in some manner for the matters alleged

24  herein, and is jointly and severally liable to plaintiff.  Plaintiff will seek leave of

25  court to amend this complaint to state the true names and capacities of such

26  fictitiously named defendants when ascertained.

27    21.    At all times mentioned herein, each defendant was the agent or

employee of each of the other defendants and was acting within the course and



1   scope of such agency or employment.  The defendants are jointly and severally

2   liable to plaintiff.

3                          **JURISDICTION AND VENUE**

        22.    The court has original jurisdiction over this matter pursuant to 15

5   U.S.C. § 1692k(d).

        23.    Venue is proper in the Central District of California because the

    defendants reside in this district.  Defendants do regular business and are subject to

8   personal jurisdiction in this district.

9                          **FIRST CAUSE OF ACTION**

10  **(Against All Defendants for Violations of the Fair Debt Collection Practices
    Act, 15 U.S.C. § 1692 et seq.)**

        24.    Plaintiff realleges and incorporates herein by reference the allegations

    of each and every paragraph above.

        25.    Plaintiff is a "consumer" who allegedly owed a "debt", and

    defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a.

        26.    Defendants violated 15 U.S.C. § 1692b by contacting third parties

    about an alleged debt when they already had plaintiff's location information,

    contacting third parties more than once, and otherwise violating the requirements of

    that section.

19

        27.    Defendants violated 15 U.S.C. § 1692c by contacting the consumer at

    times or places known to be inconvenient and by contacting third parties without

22  the prior consent of the consumer.

        28.    Defendants violated 15 U.S.C. § 1692d by engaging in conduct in

24  connection with the collection of a debt allegedly owed by plaintiff, the natural

25  consequence of which was to harass, oppress, or abuse.

26      29.    Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or

27  misleading representations or means in connection with the collection of a debt

28  allegedly owed by plaintiff.

                                    4

30.    Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

31.    Defendant Eskanos & Adler violated 15 U.S.C. § 1692g by failing to send plaintiff the written notice required by that section within 5 days of the initial oral communication.

32.    Plaintiff is entitled to any actual damages sustained by him as a result of defendants' conduct in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

33.    Plaintiff is entitled to statutory damages of $1,000, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

34.    Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

**(Against Defendants Midland Funding LLC and Does 1-10 for Violations of the Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq.)**

35.    Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

36.    The Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq (the "Rosenthal Act") was enacted in 1976 to ensure the integrity of our banking and credit industry. Civil Code § 1788.1(b). The Legislature found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Civil Code § 1788.1(a)(2).

37.    Defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(d), in that they regularly and in the ordinary

AUG-22-2007 10:18 FROM:CHUBB  AIMS          860 408 2381        T    Chubb              P.10/12

1  and

2          (e) using unfair or unconscionable means to collect or attempt to collect a

3  debt, in violation of 15 U.S.C. § 1692f.

4          45.    As a proximate result of defendants' violations enumerated above,

5  plaintiff has been damaged in amounts which are subject to proof, and is entitled to

6  collect such actual damages from defendants.

7          46.    Defendants' violations of the Rosenthal Act were willful and knowing,

8  thereby entitling plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

9          47.    Plaintiff is entitled to recover his reasonable attorney's fees and costs

10  pursuant to Civil Code §1788.30(c).

11          WHEREFORE, plaintiff prays for relief as set forth below.

12                      **THIRD CAUSE OF ACTION**

13  **(Against Defendants Midland Funding LLC, Eskanos & Adler, and Does 1-10**
   **for Invasion of Privacy)**

14

15          48.    Plaintiff realleges and incorporates herein by reference each and every

16  paragraph set forth above.

17          49.    Plaintiff had and continues to have a reasonable expectation of privacy

18  with respect to the sanctity of his home and workplace, and to be free from

19  harassment by telephone or in person.

20          50.    Defendants seriously invaded plaintiff's right to privacy in a manner

21  which constituted an egregious breach of social norms.

22          51.    As a proximate result of defendants' conduct, plaintiff has suffered

23  damages in an amount to be determined according to proof.

24          52.    Defendants acted with oppression, fraud, and malice, thereby entitling

25  plaintiff to punitive damages in an amount according to proof.

26          53.    The communications or communicative acts by defendants which form

27  the basis for this cause of action were not made to achieve the objects of, and had

28

7

1 no connection or logical relation to, any judicial proceeding or anticipated judicial

2 proceeding.

3          WHEREFORE, plaintiff prays for relief as set forth below.

4                         **PRAYER FOR RELIEF**

5          WHEREFORE, plaintiff prays for the following relief:

6          1.  For actual damages;

7          2.  For statutory damages;

8          3.  For punitive damages;

9          4.  For pre-judgment interest to the extent permitted by law;

10          5.  For an award of attorneys' fees, costs and expenses incurred in the

11 investigation, filing and prosecution of this action; and

12          6.  For such other and further relief as the Court may deem just and proper.

13                      **DEMAND FOR JURY TRIAL**

14          Plaintiff hereby demands a trial by jury under the United States Constitution.

15

16 Dated: July 26, 2007                    Respectfully Submitted,

17                                          TRUEBLOOD LAW FIRM

18

19

20                              By:  _____
                                      Alexander B. Trueblood

21
                                    Attorneys for Plaintiff
22                                  KIRK MILLER

23

24

25

26

27

28

                                         8

FILED

2007 AUG 20  AM 11: 57

1  ALEXANDER B. TRUEBLOOD (Bar No. 150897)
   TRUEBLOOD LAW FIRM
2  10940 Wilshire Boulevard, Suite 1600
   Los Angeles, California 90024
3  Telephone: (310) 443-4139
   Facsimile: (310) 234-4023
4
   Attorneys for Plaintiff
5  CESAR AMBRIZ

6

7                    UNITED STATES DISTRICT COURT

8               CENTRAL DISTRICT OF CALIFORNIA

9                                      CV07   3 JSL (SSx)

10
   CESAR AMBRIZ,                    ) Case No.
11                                   )
            Plaintiff,               )
12                                   ) COMPLAINT FOR VIOLATIONS
                                     ) OF THE FAIR DEBT
13     vs.                           ) COLLECTION LAWS
                                     )
14                                   )
   ARROW FINANCIAL SERVICES,         )
15 LLC, ESKANOS & ADLER, A           )
   PROFESSIONAL CORPORATION,         )
16                                   )
   JEROME YALON, IRWIN J.            )
17 ESKANOS, and DOES 1-10, inclusive,)
                                     )
18                                   )
            Defendants.              )
19                                   )
20                                   )
21                                   )
22
23
24
25
26
27
28

EXHIBIT

5

COMPLAINT

1   Plaintiff Cesar Ambriz hereby complains against defendants Arrow Financial

2   Services LLC, Eskanos & Adler, A Professional Corporation, Jerome Yalon, Irwin

3   J. Eskanos, and Does 1-10, and alleges on information and belief as follows:

4   <u>OPERATIVE FACTS</u>

5   1.   Defendants are debt collectors who attempted to collect an alleged

6   debt from plaintiff.  In doing so, defendants committed violations of the Fair Debt

7   Collection Practices Act (FDCPA) and the Rosenthal Fair Debt Collection Practices

8   Act.

9   2.   Defendant Arrow sued plaintiff in the Los Angeles Superior Court to

10  collect on an alleged debt which arose from plaintiff's $5,500 purchase on credit of

11  stereo equipment.  Defendants sued plaintiff for $15,717.77.  This figure was false,

12  and grossly inflated. Defendants added in a debt or debts of plaintiff's sister, for

13  which plaintiff was not legally responsible.

14  3.   Defendants then served the complaint for their collection lawsuit at

15  plaintiff's parents home, where plaintiff did not live.  Defendants handed the

16  complaint to plaintiff's brother, who was 11 years old at the time.  Defendants then

17  took a default judgment in the amount of $16,777.85 against plaintiff, who never

18  got actual notice of the lawsuit until after judgment had been entered.

19  4.   When plaintiff learned of the default judgment against him, he and his

20  wife informed defendants that (1) plaintiff had not been served, (2) that service was

21  defective because plaintiff's brother had been only 11 years old at the time, and (3)

22  that plaintiff disputed the alleged debt because most of the amount defendants

23  sought to collect was his sister's debt, not his.

24  5.   Defendants told plaintiff and his wife that they had a judgment and

25  "you owe what it says." Defendants stated that the defective service on plaintiff's

26  minor brother "didn't matter," that "it's your problem you didn't show up in court,"

27  and "if you're not going to pay it, we'll terminate this call right now."

28

COMPLAINT

6.     Defendants ignored all of plaintiff's disputes, and conducted wage garnishments and a bank levy against plaintiff, while knowing the underlying judgment was void for lack of personal jurisdiction.

7.     Defendants falsely reported to the credit reporting agencies that plaintiff owed a debt for more than $7,900, and failed to report that the alleged debt was disputed.

8.     Plaintiff hired an attorney, who provided defendants with proof that the summons had been improperly served on a minor, and that plaintiff's sister's debt had been improperly added together with plaintiff's alleged debt.  Defendants still refused to set aside the void judgment.  Defendants Yalon and Irwin Eskanos stated that defendants were conducting an ongoing "investigation," when this was false.  Under the pretext of "investigating" facts which were easily ascertainable in minutes, defendants delayed for five months, hoping that plaintiff would give up or run out of funds to pay his attorneys.  Defendants even tried to garnish plaintiff's wages during the period of their so-called "investigation."

9.     Plaintiff's attorneys were finally forced to draft and file a motion to set aside the default and default judgment.  Defendants did not oppose the motion. The state court ruled that the judgment was void for lack of personal jurisdiction, quashed all outstanding writs and levies, and ordered defendants to pay plaintiff back the money they had taken under authority of the bogus judgment.

## PARTIES

10.     Plaintiff Cesar Ambriz is a natural person over the age of 18.

11.     Defendant Arrow Financial Services, LLC is a Delaware limited liability company doing business in Los Angeles County, California.

12.     Defendant Eskanos & Adler, A Professional Corporation is a California corporation doing business in Los Angeles County, California.

13.     Defendant Irwin J. Eskanos is an attorney and an officer of Eskanos & Adler, A Professional Corporation, who does business in Los Angeles County,

2

1   California.

2       14.   Defendant Jerome Yalon is an attorney at Eskanos & Adler, A

3   Professional Corporation, who does business in Los Angeles County, California.

4       15.   Defendants Does 1 through 10 are persons or entities whose true

5   names and capacities are presently unknown to plaintiff, and who therefore are sued

6   by such fictitious names.   Plaintiff is informed and believes and thereon alleges

7   that each of the fictitiously named defendants perpetrated some or all of the

8   wrongful acts alleged herein, is responsible in some manner for the matters alleged

9   herein, and is jointly and severally liable to plaintiff. Plaintiff will seek leave of

10  court to amend this complaint to state the true names and capacities of such

11  fictitiously named defendants when ascertained.

12      16.   At all times mentioned herein, each defendant was the agent or

13  employee of each of the other defendants and was acting within the course and

14  scope of such agency or employment.  The defendants are jointly and severally

15  liable to plaintiff.

16  ### JURISDICTION AND VENUE

17      17.   The court has original jurisdiction over this matter pursuant to 15

18  U.S.C. § 1692k(d).

19      18.   Venue is proper in the Central District of California because the

20  defendants reside in this district.  Defendants do regular business and are subject to

21  personal jurisdiction in this district.

22  ### FIRST CAUSE OF ACTION

23  **(Against All Defendants for Violations of the Fair Debt Collection Practices
Act, 15 U.S.C. § 1692 et seq.)**

24

25      19.   Plaintiff realleges and incorporates herein by reference the allegations

    of each and every paragraph above.

26      20.   Plaintiff is a "consumer" who allegedly owed a "debt", and

27  defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a.

28

<center>3</center>

<center>COMPLAINT</center>

21.     Defendants violated 15 U.S.C. § 1692d by engaging in conduct in connection with the collection of a debt allegedly owed by plaintiff, the natural consequence of which was to harass, oppress, or abuse.

22.     Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt allegedly owed by plaintiff.

23.     Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

24.     Plaintiff is entitled to any actual damages sustained by him as a result of defendants' conduct in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

25.     Plaintiff is entitled to statutory damages of $1,000, pursuant to 15 U.S.C. § 1692k.  Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally.  The nature of defendants' violations justifies the maximum statutory damages award available.

26.     Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against Defendants Arrow Financial Services and Does 1-10 for Violations of the Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq.)**

27.     Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

28.     The Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq (the "Rosenthal Act") was enacted in 1976 to ensure the integrity of our banking and credit industry.  Civil Code § 1788.1(b).  The Legislature found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and

4

1   sound extensions of credit to consumers." Civil Code § 1788.1(a)(2).

2       29.   Defendants at all times relevant herein were "debt collectors" within

3   the meaning of Civil Code § 1788.2(d), in that they regularly and in the ordinary

4   course of business, on behalf of themselves or others, engaged in acts and practices

5   in connection with the collection of consumer debt.  Plaintiff is a "debtor" within

6   the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom

7   defendants sought to collect a consumer debt alleged to be due and owing.

8       30.   The purported debt which defendants attempted to collect from

9   plaintiff was a "consumer debt" within the meaning of Civil Code § 1788.2(f).

10      31.   Defendants violated Civil Code § 1788.10(e) by threatening that

11  nonpayment of an alleged consumer debt would result in the seizure, attachment, or

12  sale of property when such action was not contemplated by defendants or permitted

13  by law.

14      32.   Defendants violated Civil Code § 1788.15(a) by collecting and

15  attempting to collect a consumer debt by means of judicial proceedings when

16  defendants knew that service of process and personal jurisdiction had not been

17  legally effected.

18      33.   Defendants violated the provisions of Civil Code § 1788.17 by:

19          (a) engaging in conduct the natural consequence of which was to harass,

20  oppress, or abuse in connection with collection of an alleged debt, in violation of 15

21  U.S.C. § 1692d;

22          (b) using false, deceptive, or misleading misrepresentations or means in

23  connection with the collection of an alleged debt, in violation of 15 U.S.C. § 1692e;

24  and

25          (c) using unfair or unconscionable means to collect or attempt to collect a

26  debt, in violation of 15 U.S.C. § 1692f.

27      34.   As a proximate result of defendants' violations enumerated above,

28  plaintiff has been damaged in amounts which are subject to proof, and is entitled to

5

1  collect such actual damages from defendants.

2      35.    Defendants' violations of the Rosenthal Act were willful and knowing,

3  thereby entitling plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

4      36.    Plaintiff is entitled to recover his reasonable attorney's fees and costs

5  pursuant to Civil Code §1788.30(c).

6      WHEREFORE, plaintiff prays for relief as set forth below.

7  ### PRAYER FOR RELIEF

8      WHEREFORE, plaintiff prays for the following relief:

9      1.  For actual damages;

10      2.  For statutory damages;

11      3.  For pre-judgment interest to the extent permitted by law;

12      4.  For an award of attorneys' fees, costs and expenses incurred in the

13  investigation, filing and prosecution of this action; and

14      5.  For such other and further relief as the Court may deem just and proper.

15  ### DEMAND FOR JURY TRIAL

16      Plaintiff hereby demands a trial by jury under the United States Constitution.

17

18  Dated:  August 26, 2007        Respectfully Submitted,

19                        TRUEBLOOD LAW FIRM

20

21

22                    By: _____

                     Alexander B. Trueblood

23                    Attorneys for Plaintiff

24                    CESAR AMBRIZ

25

26

27

28

COMPLAINT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VINCENT BREON, | NO. C 05-00766 JW |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST CAPITAL RECOVERY ASSOCIATES ONLY** |
| CAPITAL RECOVERY ASSOCIATES, INC., d/b/a CRA SECURITY SYSTEMS and RICHARD LYONS, | |
| Defendants. | |

## I. INTRODUCTION

Presently before the Court is Plaintiff Vincent Breon's ("Plaintiff") Motion for Default Judgment against Defendants Capital Recovery Associates, Inc., d/b/a CRA Security Systems (hereinafter "CRA"), and Richard Lyons ("Lyons") pursuant to Rule 55, Fed. R. Civ. P. Neither CRA nor Lyons appeared in this action or submitted an opposition to Plaintiff's motion. Based upon all papers filed to date, the Court finds that Plaintiff is entitled to default judgment against CRA only.

## II. BACKGROUND

On February 22, 2005, Plaintiff filed this action against CRA and Lyons for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "Federal FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788, et seq. (hereinafter, "California FDCPA"). Plaintiff alleged that CRA and Lyons violated the Federal FDCPA by: (1) providing Plaintiff with false,



EXHIBIT
T

misleading, and inaccurate information in an effort to collect an alleged debt; (2) failing to provide an accurate statutorily required 30-day validation notice; (3) providing Plaintiff with a misleading validation notice; and (4) misrepresenting to Plaintiff that any disputes of the debt must be in writing.  Plaintiff alleged that CRA and Lyons violated the California FDCPA by: (1) failing to comply with the Federal FDCPA; (2) failing to provide the notice of debtor's rights as required under Cal. Civ. Code 1812.700; and (3) providing false, misleading, and deceptive statements in demand letter.  As a preliminary matter, the Court dismisses Plaintiff's complaint as to Lyons because Plaintiff failed to serve Lyons with a copy of the summons and complaint.[1]  CRA, however, was personally served with a copy of the summons and complaint on May 16, 2005.  CRA failed to answer the complaint or otherwise defend the action.  On July 7, 2005, the Clerk of this Court entered default as to CRA.  On October 3, 2005, Plaintiff filed this Motion for Default Judgment.

### III. STANDARDS

Upon entry of default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1, 12 (1944)).  Necessary facts not contained in the pleadings, and claims which are legally insufficient, however, are not established by default.  Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992).  In exercising its discretion to grant default judgment, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; ( 4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### IV. DISCUSSION

A.    Statutory Damages

---

[1]Plaintiff also stipulated to dismissing Lyons as a defendant to this action.  See Plaintiff's Motion for Default Judgment, Docket Item No. 13 at 1:footnote 2.

United States District Court
For the Northern District of California

Plaintiff contends that statutory damages is warranted under the Federal FDCPA. The Federal FDCPA precludes the use of false representations, threats, and deceptive practices to collect debt from an individual. See Bracken v. Harris & Zide, L.L.P., 219 F.R.D. 481, 484 (N.D.Cal., 2004). Plaintiff alleged that CRA sent Plaintiff a demand letter that was objectively false, namely, notifying Plaintiff that he must respond to CRA's demand letter within thirty days and in writing. Construing these allegations as true for purposes of Plaintiff's Motion for Default Judgment, the Court finds that CRA is liable to Plaintiff for relief under the Federal FDCPA. See 15 U.S.C. § 1692(b) (Consumer has the *option* of notifying the debt collector in writing within the thirty-day period.). The maximum recovery for a plaintiff in an action under the Federal FDCPA, who did not allege any actual damages and requested only statutory damages, is $1,000. See 15 U.S.C. § 1692k. Therefore, the Court awards Plaintiff statutory damages in the amount of $1,000 under the Federal FDCPA.

Plaintiff also contends that statutory damages is warranted under the California FDCPA. Unlike the Federal FDCPA, however, the California FDCPA only applies to debt collectors attempting to collect a debt arising from a "consumer credit transaction." Cal. Civ. Code §§ 1788.13, 1788.17. This Court has held that a dishonored check is not a "credit transaction" within the meaning of the California FDCPA. Raymond Abels v. JBC Legal Group re Order Granting Defendants' Motions to Dismiss, 04-cv-2345, Docket Item No. 87 at 3:15-16. Because Plaintiff's debt arose from a check that was dishonored by its bank, Plaintiff's claims under the California FDCPA are legally deficient.[2]

Nevertheless, Plaintiff contends that statutory damages is warranted under Cal. Civ. Code 1812.700 because Cal. Civ. Code 1812.700 does not restrict an award of damages only to consumer credit transactions. Plaintiff fails to note, however, that Cal. Civ. Code 1812.700(a) is expressly subject to the requirements imposed by Article 2 *commencing* with Section 1788.10. Because Cal. Civ. Code §§ 1788.13 and 1788.17 commences with Section 1788.10 and contains the "consumer credit transaction" requirement, Plaintiff's contention is without merit.

---

[2]Plaintiff also withdrew the allegation of a violation of the California FDCPA in its supplemental brief re Motion for Default Judgment. See Plaintiff's Supplemental Brief re Motion for Default Judgment, Docket Item No. 15 at 1:20-23.

3

United States District Court
For the Northern District of California

B.     Attorney's Fees and Costs

Plaintiff seeks an award of attorney's fees incurred in prosecuting this action against CRA in the amount of $5,399. Pursuant to 15 U.S.C. 1692k(a)(3), Plaintiff is entitled to recover full costs, including reasonable attorney's fees. A reasonable attorney fee is the number of hours and the hourly rate that would be billed by "reasonably competent counsel." See Yahoo! Inc. v. Net Games, Inc., 329 F.Supp.2d 1179, 1183 (N.D.Cal., 2004) (Attorney fee applicants are entitled to an award sufficient to enable them to secure reasonably competent counsel, but are not entitled to an award necessary to secure counsel of their choice.).

The Court has reviewed Plaintiff's attorney's fees in this action and finds the rate of compensation, $300/hr for the attorney and $90/hr for the legal assistants, to be excessive. In Yahoo! Inc. v. Net Games, Inc., the court found that $266 per hour for the attorneys and $152 per hour for the legal assistants were excessive. See Id. The court reasoned that although the plaintiff argued that the factual analysis was detailed and the legal analysis was complex, the plaintiff's description was plainly an exaggeration because the case "simply was not unusually complex." Id. at 1189. Likewise, the instant case simply was not unusually complex. All Plaintiff did here was formulate the complaint, obtain an entry of default, and immediately thereafter, file an unopposed motion for default judgment. The only evidence Plaintiff had to obtain were the demand letters that Defendant sent to Plaintiff. Additionally, the Court finds that a reasonably competent attorney would have only taken 5 hours to draft and complete the motion brief instead of the 10.3 hours that counsel personally spent on the brief.

The Court finds it appropriate to adopt the formulae as set forth in Yahoo!. The Yahoo! court calculated the reasonable rate by dividing the mean hourly wage of attorneys in the San Francisco area by the ratio of net receipts to gross receipts. See Id. This Court will calculate the reasonable rate based on the mean hourly wage of attorneys in the San Jose area, and divide that number by the ratio of net to gross receipts using the most recent 2001 year data from the 2004-2005 Statistical Abstract. See United States Census Bureau, Statistical Abstract of the United States: 2004-2005, tbl 718, available at http://www.census.gov/statab/www/. Gross receipts totaled $91 billion and net receipts totaled $32 billion.

4

This yields a ratio of net receipts to gross receipts of 0.352. The most recent data available from the Bureau of Labor Statistics ("BLS") describing hourly wages in the San Jose area are available at http://www.bls.gov/oes/current/oes_7400.htm. Dividing the most recent mean hourly wage for lawyers, $74.10/hr, by the most recent ratio of net to gross receipts, 0.352, yields an estimate of $210.51/hr as the average market rate for lawyers in the San Jose area. Similarly, dividing the most recent mean hourly wage for legal assistants, $27.65/hr, by the same ratio, 0.352, yields an estimate of $78.55/hr as an estimated average hourly rate for legal assistants in the San Jose area. The Court awards Plaintiff $2,041.95 for the 9.7 hours that counsel spent on the case at a rate of $210.51 per hour. The Court also awards Plaintiff $733.66 for the 9.34 hours that the assistants have spent on the case at a rate of $78.55 per hour. Finally, the Court awards Plaintiff the $250 filing fee cost and $30 cost for service of process.

<h2 style="text-align:center">V. CONCLUSION</h2>

For the reasons set forth above, Plaintiff's Motion for Default Judgment is GRANTED. Plaintiff is awarded statutory damages against CRA in the amount of $1,000, and $3,055.61 in attorney's fees and costs for a total award of $4,055.61.

Dated: November 7, 2005

05cv766dj

/s/James Ware
JAMES WARE
United States District Judge

5

THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

Ronald Wilcox ronaldwilcox@post.harvard.edu

Dated: November 8, 2005                          Richard W. Wieking, Clerk

                                                 By:___/s/JW Chambers_____
                                                       Ronald L. Davis
                                                       Courtroom Deputy

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE MONTEZ, | NO. C 05-01208 JW |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CAPITAL RECOVERY ASSOCIATES ONLY** |
| CAPITAL RECOVERY ASSOCIATES, INC., d/b/a CRA SECURITY SYSTEMS and RICHARD LYONS, | |
| Defendants. | |

## I. INTRODUCTION

Presently before the Court is Plaintiff Stephanie Montez's ("Plaintiff") Motion for Default Judgment against Defendants Capital Recovery Associates, Inc., d/b/a CRA Security Systems (hereinafter "CRA"), and Richard Lyons ("Lyons") pursuant to Rule 55, Fed. R. Civ. P. Neither CRA nor Lyons appeared in this action or submitted an opposition to Plaintiff's motion. Based upon all papers filed to date, the Court finds that Plaintiff is entitled to default judgment against CRA only.

## II. BACKGROUND

On March 24, 2005, Plaintiff filed this action against CRA and Lyons for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "Federal FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788, et seq. (hereinafter, "California FDCPA"). Plaintiff alleged that CRA and Lyons violated the Federal FDCPA by: (1) providing Ms. Montez with false,



1  misleading, and inaccurate information in an effort to collect the alleged debt; (2) falsely threatening

2  immediate legal action when CRA and Lyons had no intention of actually taking such action; (3) falsely

3  threatening to take actions not intended in the time frame threatened; and (4) making false, deceptive, and

4  misleading statements, and creating a false sense of urgency, in an attempt to collect a debt. Plaintiff alleged

5  that CRA and Lyons violated the California FDCPA by falsely representing that a lawsuit will be instituted

6  unless payment on the debt is made. As a preliminary matter, the Court dismisses Plaintiff's complaint as to

7  Lyons because Plaintiff failed to serve Lyons with a copy of the summons and complaint. CRA, however,

8  did not waive service of summons, and Plaintiff personally served CRA with a copy of the summons and

9  complaint on May 16, 2005. CRA failed to answer the complaint or otherwise defend the action. On July

10  20, 2005, the Clerk of this Court entered default as to CRA. On October 3, 2005, Plaintiff filed this

11  Motion for Default Judgment.

12  <center>III. STANDARDS</center>

13  Upon entry of default, the factual allegations of the complaint, except those relating to the amount of

14  damages, will be taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977)

15  (citing Pope v. United States, 323 U.S. 1, 12 (1944)). Necessary facts not contained in the pleadings, and

16  claims which are legally insufficient, however, are not established by default. Cripps v. Life Ins. Co. of

17  North America, 980 F.2d 1261, 1267 (9th Cir. 1992). In exercising its discretion to grant default

18  judgment, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the

19  merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; ( 4) the sum of money at stake in

20  the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

21  excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring

22  decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

23

24  <center>IV. DISCUSSION</center>

25  A.  Statutory Damages

26  Plaintiff contends that statutory damages is warranted under the Federal FDCPA. The Federal

27

28  <center>2</center>

United States District Court
For the Northern District of California

1  FDCPA precludes the use of false representations, threats, and deceptive practices to collect debt from an

2  individual. See Bracken v. Harris & Zide, L.L.P., 219 F.R.D. 481, 484 (N.D.Cal., 2004). Plaintiff

3  alleged that CRA sent Plaintiff demand letters that were objectively false, and that CRA threatened Plaintiff

4  with litigation when CRA never intended to follow through with the threats. Construing these allegations as

5  true for purposes of Plaintiff's Motion for Default Judgment, the Court finds that CRA is liable to Plaintiff for

6  relief under the Federal FDCPA. See Palmer v. Stassinos, 348 F.Supp.2d 1070, 1085 (N.D.Cal., 2004)

7  (Threat of litigation may constitute a violation of the Federal FDCPA.). The maximum recovery for a

8  plaintiff in an action under the Federal FDCPA, who did not allege any actual damages and requested only

9  statutory damages, is $1,000. See 15 U.S.C. § 1692k. Therefore, the Court awards Plaintiff statutory

10  damages in the amount of $1,000 under the Federal FDCPA.

11  Plaintiff also contends that statutory damages is warranted under the California FDCPA. Unlike

12  the Federal FDCPA, however, the California FDCPA only applies to debt collectors attempting to collect

13  a debt arising from a "consumer credit transaction." Cal. Civ. Code §§ 1788.13, 1788.17. This Court has

14  held that a dishonored check is not a "credit transaction" within the meaning of the California FDCPA.

15  Raymond Abels v. JBC Legal Group re Order Granting Defendants' Motions to Dismiss, 04-cv-2345,

16  Docket Item No. 87 at 3:15-16. Because Plaintiff's debts arose from checks that were dishonored by their

17  banks, Plaintiff's claims under the California FDCPA are legally deficient.

18  Nevertheless, Plaintiff contends that because CRA defaulted, Plaintiff's legal allegation that a

19  dishonored check is a "consumer credit transaction" under the California FDCPA must be taken as true.

20  Plaintiff's contention is without merit. The Ninth Circuit clearly has held that necessary facts not contained

21  in the pleadings, and claims which are legally insufficient are not established by default. Cripps v. Life Ins.

22  Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992). Because a dishonored check is not a

23  "consumer credit transaction" as a matter of law, Plaintiff is not entitled to relief under the California

24  FDCPA.

25  B.  Attorney's Fees

26  Plaintiff seeks an award of attorney's fees incurred in prosecuting this action against CRA in the

27

28  3

United States District Court
For the Northern District of California

1    amount of $4,160. Pursuant to 15 U.S.C. 1692k(a)(3), Plaintiff is entitled to recover full costs, including

2    reasonable attorney's fees. A reasonable attorney fee is the number of hours and the hourly rate that would

3    be billed by "reasonably competent counsel." See Yahoo! Inc. v. Net Games, Inc., 329 F.Supp.2d 1179,

4    1183 (N.D.Cal., 2004) (Attorney fee applicants are entitled to an award sufficient to enable them to secure

5    reasonably competent counsel, but are not entitled to an award necessary to secure counsel of their

6    choice.).

7         The Court has reviewed Plaintiff's attorney's fees in this action and finds the rate of compensation,

8    $300/hr for the attorney and $90/hr for the legal assistants, to be excessive. In Yahoo! Inc. v. Net Games,

9    Inc., the court found that $266 per hour for the attorneys and $152 per hour for the legal assistants were

10   excessive. See Id. The court reasoned that although the plaintiff argued that the factual analysis was

11   detailed and the legal analysis was complex, the plaintiff's description was plainly an exaggeration because

12   the case "simply was not unusually complex." Id. at 1189. Likewise, the instant case simply was not

13   unusually complex. All Plaintiff did here was formulate the complaint, obtain an entry of default, and

14   immediately thereafter, file an unopposed motion for default judgment. The only evidence Plaintiff had to

15   obtain were the demand letters that Defendant sent to Plaintiff.

16        The Court finds it appropriate to adopt the formulae as set forth in Yahoo!. The Yahoo! court

17   calculated the reasonable rate by dividing the mean hourly wage of attorneys in the San Francisco area by

18   the ratio of net receipts to gross receipts. See Id. This Court will calculate the reasonable rate based on

19   the mean hourly wage of attorneys in the San Jose area, and divide that number by the ratio of net to gross

20   receipts using the most recent 2001 year data from the 2004-2005 Statistical Abstract. See United States

21   Census Bureau, Statistical Abstract of the United States: 2004-2005, tbl 718, available at

22   http://www.census.gov/statab/www/. Gross receipts totaled $91 billion and net receipts totaled $32 billion.

23   This yields a ratio of net receipts to gross receipts of 0.352. The most recent data available from the

24   Bureau of Labor Statistics ("BLS") describing hourly wages in the San Jose area are available at

25   http://www.bls.gov/oes/current/oes_7400.htm. Dividing the most recent mean hourly wage for lawyers,

26   $74.10/hr, by the most recent ratio of net to gross receipts, 0.352, yields an estimate of $210.51/hr as the

27

28                                             4

average market rate for lawyers in the San Jose area. Similarly, dividing the most recent mean hourly wage for legal assistants, $27.65/hr, by the same ratio, 0.352, yields an estimate of $78.55/hr as an estimated average hourly rate for legal assistants in the San Jose area. The Court awards Plaintiff $1,810.39 for the 8.6 hours that counsel spent on the case at a rate of $210.51 per hour. The Court also awards Plaintiff $962.24 for the 12.25 hours that the assistants have spent on the case at a rate of $78.55 per hour.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment is GRANTED. Plaintiff is awarded statutory damages against CRA in the amount of $1,000, and $2,772.63 in attorney's fees for a total award of $3772.63.

Dated: November 7, 2005

05cv1208dj

/s/James Ware
JAMES WARE
United States District Judge

United States District Court
For the Northern District of California

5