TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Midland Funding LLC and
Midland Credit Management, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KIRK MILLER,<br><br>            Plaintiff,<br><br>vs.<br><br>MIDLAND FUNDING LLC,<br>MIDLAND CREDIT<br>MANAGEMENT, INC., ESKANOS<br>& ADLER, A PROFESSIONAL<br>CORPORATION, and DOES 1-<br>10,inclusive,<br><br>            Defendants. | CASE NO.: CV07-04869 ODW (AGRx)<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANTS MIDLAND FUNDING LLC AND MIDLAND CREDIT MANAGEMENT, INC. FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT**<br><br>Date:      July 21, 2008<br>Time:      1:30 p.m.<br>Ctrm:      11<br><br>PTC:      August 8, 2008<br>Trial:      September 9, 2008<br><br>The Honorable Otis D. Wright II |

1    TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that on Monday, July 21, 2008, at 1:30 p.m., or as

3    soon thereafter as the matter may be heard in Courtroom 11 of this Court, located

4    at 312 North Spring Street, Los Angeles, California 90012, the Honorable Otis D.

5    Wright II presiding, defendants Midland Funding LLC ("Midland") and Midland

6    Credit Management, Inc. ("MCM") will and hereby do move this Court for an

7    Order, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, granting

8    summary judgment in their favor.

9    This motion is made following a conference of counsel pursuant to Local

10   Rule 7-3 that commenced on June 2, 2008, and continued on June 12, 2008 and

11   June 18, 2008.  This motion is made on the grounds that plaintiff Kirk Miller's

12   claims are moot, because Midland and MCM offered to have judgment taken

13   against them pursuant to Rule 68 of the Federal Rules of Civil Procedure, which

14   offered all of the relief to which Plaintiff is entitled to recover in this action, yet

15   Plaintiff did not accept their offer.  Plaintiff therefore lacks standing to proceed.

16   This motion will be based upon this Notice of Motion and Motion, the

17   accompanying Memorandum of Points and Authorities in Support of the Motion,

18   Defendants' Separate Statement of Undisputed Facts, the Declaration of Jeffrey A.

19   Topor, all of the records on file in this action, and upon such other and further

20   evidence or argument that the Court may permit at the hearing in this matter.

21   DATED: June 25, 2008          SIMMONDS & NARITA LLP
22                                 TOMIO B. NARITA
                                   JEFFREY A. TOPOR
23

24

25                                 By:   /s Jeffrey A. Topor

26                                 Jeffrey A. Topor
                                   Attorneys for Defendants Midland Funding
27                                 LLC and Midland Credit Management, Inc.

28

1

# TABLE OF CONTENTS

2

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    The Underlying State Court Litigation: Midland Sues Miller . . . . . . 2

    B.    The Federal Court Litigation: Miller Sues Midland, MCM
          And Eskanos & Adler . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    C.    Eskanos & Adler's Rule 68 Offer . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    D.    Midland And MCM's Rule 68 Offer . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    Standards Governing Motions For Summary Judgment . . . . . . . . . . 5

    B.    The Court Lacks Subject Matter Jurisdiction Because Miller
          Has Already Recovered A Judgment On His FDCPA And
          Invasion Of Privacy Claims, And His Rosenthal Act Claim
          Became Moot When He was Offered All That He Could
          Hope to Recover, Thereby Depriving The Court Of A Case Or
          Controversy To Adjudicate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        1.    Miller Received Full Compensation For His FDCPA
              And Invasion Of Privacy Claims When He Accepted
              The Rule 68 Offer of Eskanos & Adler . . . . . . . . . . . . . . . . . . 7

        2.    Miller Has No Evidence Of Actual Damages . . . . . . . . . . . . 8

        3.    Miller Rejected An Offer Of Judgment By Midland Which
              Would Have Provided Him Full Compensation . . . . . . . . . . 10

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER V. MIDLAND FUNDING, LLC ET AL.(CASE NO.CV07-04869 ODW (AGRx))
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT

ii.

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ambalu v. Rosenblatt*,
194 F.R.D. 451 (E.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Church of Scientology of Haw. v. United States*,
485 F.2d 313 (9th Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Devereaux v. Abbey*,
263 F.3d 1070 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Didrickson v. United States Dept. of Interior*,
982 F.2d 1332 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Durkin v. Equifax Check Servs., Inc.*,
406 F.3d 410 (7th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Federal Election Comm'n v. Toledano*,
317 F.3d 939 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Harper v. Better Business Servs., Inc.*,
961 F.2d 1561 (11th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Jacobs v. Clark County Sch. Dist.*,
526 F.3d 419 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lang v. Gates*,
36 F.3d 73 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lowe v. Elite Recovery Solutions*
2008 WL 324777 (E.D. Cal. Feb. 5, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Marek v. Chesny*,
473 U.S. 1 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Milton v. Rosicki, Rosicki & Assocs., P.C.*,
2007 WL 2262893 (E.D.N.Y. Aug. 3, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Morgan v. Account Collection Technology LLC*,
2006 WL 2597865 (S.D.N.Y. Sept. 6, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Murphy v. Equifax Check Servs., Inc.*,
35 F. Supp. 2d 200 (D. Conn. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 11

*State of Calif., on Behalf of Calif. Dept. of Toxic Substances Control
v. Campbell*,
138 F.3d 772 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

MILLER V. MIDLAND FUNDING, LLC ET AL.(CASE NO.CV07-04869 ODW (AGRx))
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT

iii.

*Tallon v. Lloyd & McDaniel,*
497 F. Supp. 2d 847 (W.D. Ky. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Weiss v. Fein, Such, Kahn & Shepard, P.C.,*
2002 WL 449653 (S.D.N.Y. Mar. 22, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Weiss v. Regal Collections,*
385 F.3d 337 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Wright v. Financial Serv. of Norwalk, Inc.,*
22 F.3d 647 (6th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**STATE CASES**

*Miller v. National Broadcasting Co.,*
187 Cal. App. 3d 1463 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**FEDERAL STATUTES**

Fair Debt Collection Practices Act,
    15 U.S.C. § 1692 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    15 U.S.C. § 1692b-f . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    15 U.S.C. § 1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    15 U.S.C. § 1692k . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8
    15 U.S.C. § 1692k(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    15 U.S.C. § 1692k(a)(1-3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    15 U.S.C. § 1692k(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**STATE STATUTES**

California Civil Code,
    § 1717.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

California Code of Civil Procedure,
    § 998 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

California Rosenthal Fair Debt Collection Practices Act,
    § 1788 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    § 1788.13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    § 1788.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    § 1788.30(a-c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure,
    56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    68 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

U.S. Const. art. III,
    § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

MILLER V. MIDLAND FUNDING, LLC ET AL.(CASE NO.CV07-04869 ODW (AGRx))
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT

iv.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

After failing to pay the amount due on his Citibank credit card account, plaintiff Kirk Miller ("Miller") was sued in state court by Citibank's successor-in-interest, Defendant Midland Funding LLC ("Midland").  It is not disputed that Miller owed the money.  In fact, in the state court case, Miller offered to have judgment entered against him, and Midland accepted.  A judgment in the amount of $8,000 was entered in favor of Midland on January 3, 2008.  To date, Miller has not paid any portion of that judgment.

Miller apparently subscribes to the belief that "the best defense is a good offense."  Thus, while the state court collection suit was still pending, Miller filed the present action in this Court, naming Midland, Midland Credit Management, Inc. ("MCM"), and Midland's attorneys, Eskanos & Adler, P.C., as defendants. Miller asserts claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the California Fair Debt Collection Practices Act, which is known as the Rosenthal Act, Cal. Civ. Code § 1788, and for invasion of privacy.

The Eskanos & Adler firm defended the case for several months but then elected to make an offer, pursuant to Rule 68 of the Federal Rules of Civil Procedure, to have judgment entered against it for $1,001.00 plus reasonable attorneys' fees and costs.  Miller accepted this offer; the Court subsequently entered judgment in favor of Miller and awarded him $21,143.32 in fees and costs.

Thereafter, Midland and MCM offered to have judgment entered against them pursuant to Rule 68 for $1,001.00 plus reasonable attorneys' fees and costs as determined by the court, minus the sum of $8,000.00 plus all post-judgment interest and costs that had accrued to date on the judgment entered in favor of Midland in the state-court action.  Miller did not accept this Rule 68 offer.

The Rule 68 offer made by Midland and MCM offered Miller all of the relief that he could hope to recover in this action.  It appears that Miller and his attorneys rejected the offer so that they could continue to litigate this case, thereby increasing their attorneys' fees and increasing their perceived settlement leverage. But the Court need not tolerate this litigation strategy.  Miller's decision to reject the Rule 68 offer renders his claims moot and deprives this Court of jurisdiction. Accordingly, Midland and MCM are entitled to summary judgment.

## II.   STATEMENT OF FACTS

### A.   The Underlying State Court Litigation:  Midland Sues Miller

On March 18, 2007, Midland, through its attorneys Eskanos & Adler, P.C., filed a complaint in the Los Angeles County Superior Court against Miller for breach of contract and common counts, seeking to recover the unpaid balance that was due on Miller's Citibank credit card, plus attorneys' fees and costs.  *See* Defendants' Separate Statement of Undisputed Facts in Support of Motion for Summary Judgment at ¶ 1 ("Sep. Stmt.").  On December 12, 2007, Miller offered to have judgment taken against him and in favor of Midland, in the amount of $8,000.00, inclusive of attorneys' fees and costs, pursuant to section 998 of the California Code of Civil Procedure.  *See id.* at ¶ 2.  Midland accepted Miller's offer on December 21, 2007.  *See id.*  On January 3, 2008, the state court entered judgment in the amount of $8,000.00 in favor of Midland.  *See id.* at ¶ 3.  Miller has not paid any portion of that judgment.  *See id.*

### B.   The Federal Court Litigation:  Miller Sues Midland, MCM and Eskanos & Adler

On July 27, 2007, Miller filed a complaint in this Court against Midland, MCM and Eskanos & Adler.  *See id.* at ¶ 4.  Miller groups his factual allegations into three categories.

MILLER V. MIDLAND FUNDING, LLC ET AL.(CASE NO.CV07-04869 ODW (AGRx))
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT

2.

First, in a section of his Complaint entitled "False Credit Reporting," Miller alleges that MCM failed to report to credit reporting agencies that he disputed his account, and reported false and inaccurate information to credit reporting agencies. *See id.* [Complaint at ¶¶ 3-7].

Second, in a section entitled "Misrepresentations In Collection Lawsuit," Miller alleges that Midland falsely alleged in the state-court complaint "that it was entitled to attorneys fees pursuant to [California] Civil Code § 1717.5," and "that it was entitled to collect $8,390.62 in attorneys fees from plaintiff" even though it had not incurred these fees when it filed the complaint. *Id.* [Complaint at ¶¶ 9-10]. These first two sections describe the only conduct allegedly committed directly by MCM and Midland.

Third, in a section entitled "Harassing Calls and Invasion of Privacy," Miller alleges that Eskanos & Adler, "on behalf of its client Midland Funding LLC," invaded his privacy when it "engaged in a campaign of harassment" in an effort to collect his debt. *Id.* [Complaint at ¶ 11].  Miller alleges that Eskanos & Adler harassed him by placing telephone calls to third parties about his debt; failed to disclose required information to those third parties; sought information from those third parties that it was not entitled to seek; placed "an excessive number" of telephone calls; unlawfully threatened to seize his house; and "were rude, demanding, and abusive." *See id.* [Complaint at ¶¶ 12-15].  Miller does not allege that MCM or Midland Funding placed any telephone calls to him. *See id.*

Based on these allegations, Miller asserts three causes of action.  First, he claims that <u>all defendants</u> violated various provisions of the FDCPA. *See id.* [Complaint at ¶¶ 26-31].  Miller's pleading essentially parrots portions of the statute and does not identify how MCM or Midland violated any specific provision of the FDCPA.  In paragraph 31 of his complaint, Miller alleges that

MILLER V. MIDLAND FUNDING, LLC ET AL.(CASE NO.CV07-04869 ODW (AGRx))
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT

3.

Eskanos & Adler violated section 1692g of the FDCPA by failing to send him a required written notice in a timely manner. *See id.* [Complaint at ¶ 31].

Second, Miller claims that <u>Midland</u> violated the Rosenthal Act.  All but one of his Rosenthal Act claims, however, relate to the telephone calls allegedly placed by Eskanos & Adler. *See id.* [Complaint at ¶¶ 39-42].[1]  As to Midland, it is alleged to have violated section 1788.13 "by falsely representing that an alleged consumer debt would be increased by attorneys fees when such fees could not legally be added to the existing obligation." *See id.* [Complaint at ¶ 43].

Third, Miller declares that he has a right "to be free from harassment by telephone or in person," and claims that <u>Midland</u> and <u>Eskanos & Adler</u> invaded his privacy. *See id.* [Complaint at ¶¶ 49-50].

## C.   Eskanos & Adler's Rule 68 Offer

On February 1, 2008, Eskanos & Adler offered to have judgment taken against it under Rule 68 of the Federal Rules of Civil Procedure, on the following terms:

> Judgment to be entered in favor of plaintiff Kirk Miller against Eskanos & Adler, a professional corporation in the amount of $1,001.  In addition to this amount, Kirk Miller to be awarded reasonable attorney's fees and costs, to be mutually agreed upon by the parties, or if no agreement can be reached, to be determined by the Court in accordance with 15 U.S.C. § 1692k.

*See id.* at ¶ 5.  Thus, Eskanos & Adler offered to have judgment taken against it on both of the claims asserted against it, for violating the FDCPA and for invasion of

---

[1]  The Complaint alleges in conclusory fashion that "Defendants" – without specifying who – violated the Rosenthal Act by (1) threatening to seize his property, (2) placing telephone calls without making certain disclosures, (3) causing a telephone to ring repeatedly or continuously to annoy the person called, and (4) communicating so frequently as to be unreasonable and harassing. *See id.* [Complaint at ¶¶ 12-15].  Miller also claims that "Defendants" violated section 1788.17 of the Rosenthal Act (which incorporates certain provisions of the FDCPA) by violating sections 1692b through 1692f of the FDCPA. *See id.* [Complaint at ¶ 44].

MILLER V. MIDLAND FUNDING, LLC ET AL.(CASE NO.CV07-04869 ODW (AGRx))
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT

4.

privacy.  Miller timely and unconditionally accepted this offer on February 14, 2008.  *See id.*  The Court entered judgment in favor of Miller on March 18, 2008.  *See id.* at ¶ 6.  The Court subsequently awarded Miller $20,351.41 in attorneys' fees and $791.91 in costs.  *See id.*

### D.     Midland and MCM's Rule 68 Offer

On May 27, 2008, Midland and MCM offered to have judgment taken against them under Rule 68, on the following terms:

> Judgment for plaintiff KIRK MILLER in the sum of One Thousand and One Dollars ($1001.00), plus reasonable attorneys' fees and costs, in an amount to be determined by the Court, underline less the sum of $8,000.00 plus all post-judgment interest and costs that have accrued to date on the judgment entered in favor of Midland Funding LLC and against Miller in the Superior Court of California, County of Los Angeles, Case No. BC 368036 (a copy of said judgment is attached hereto).  Upon entry of a judgment in this action consistent with the terms of this Offer, Defendants shall take such steps as are necessary to indicate that the state court judgment against Plaintiff, attached hereto, has been satisfied.

*See id.* at ¶ 7.  Miller did not accept this offer.  *See id.*

## III.   <u>ARGUMENT</u>

### A.     Standards Governing Motions For Summary Judgment

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *See* Fed. R. Civ. Proc. 56(c).  As the moving parties, Midland and MCM may discharge their burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *accord Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex*).

To survive this motion for summary judgment, Miller "must present competent evidence that creates a genuine issue of material fact."  *See Federal*

MILLER V. MIDLAND FUNDING, LLC ET AL.(CASE NO.CV07-04869 ODW (AGRx))
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT

5.

*Election Comm'n v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002).  The materiality of a fact is determined by the underlying substantive law.  *See State of Calif., on Behalf of Calif. Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 782 (9th Cir. 1998).  "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'"  *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (affirming summary judgment on FDCPA claims).

**B.    The Court Lacks Subject Matter Jurisdiction Because Miller Has Already Recovered A Judgment On His FDCPA And Invasion Of Privacy Claims, And His Rosenthal Act Claim Became Moot When He Was Offered All That He Could Hope To Recover, Thereby Depriving The Court Of A Case Or Controversy To Adjudicate**

Summary judgment should be entered for MCM and Midland because 1) Miller has already recovered all that he can hope to recover on his FDCPA and invasion-of-privacy claims, and 2) Miller's refusal to accept the Rule 68 offer made by MCM and Midland has rendered his claims moot.  Rule 68 provides as follows:

> More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment.

Fed. R. Civ. P. 68(a).  The objective of Rule 68 "is to encourage settlement and avoid litigation."  *Marek v. Chesny*, 473 U.S. 1, 5 (1985); *accord Lang v. Gates*, 36 F.3d 73, 75 (9th Cir. 1994).

Miller cannot ask this Court to adjudicate his claim if he lacks standing to pursue it.  Federal courts are courts of limited jurisdiction.  "Article III of the United States Constitution limits the judicial authority of the federal courts to 'Cases' and 'Controversies.'  U.S. Const. art. III, § 2.  Because of this constitutional limitation on judicial power, a federal court lacks subject matter

MILLER V. MIDLAND FUNDING, LLC ET AL.(CASE NO.CV07-04869 ODW (AGRx))
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT

6.

jurisdiction over an action unless it presents an actual case or controversy." *Murphy v. Equifax Check Servs., Inc.*, 35 F. Supp. 2d 200, 201 (D. Conn. 1999); *see generally Jacobs v. Clark County Sch. Dist.*, 526 F.3d 419, 425 (9th Cir. 2008); *Church of Scientology of Haw. v. United States*, 485 F.2d 313, 314 & n.2 (9th Cir. 1973).  The "case-or-controversy requirement" exists from start-to-finish, "throughout the entire litigation."  *Murphy*, 35 F. Supp. 2d at 202.

A case is rendered moot when a plaintiff refuses to accept a Rule 68 offer that offers all the relief the plaintiff could hope to recover if the case was litigated to judgment.  The purpose of this rule is obvious:  to avoid burdening the court with adjudicating an action where the best possible outcome that the plaintiff could achieve is no better than the outcome offered by the defendant.  Numerous cases have so held.

"Where a defendant offers judgment in an FDCPA case for the maximum relief obtainable by plaintiff, an action becomes moot and subject to dismissal because there exists no controversy pending court adjudication."  *Milton v. Rosicki, Rosicki & Assocs., P.C.*, 2007 WL 2262893, *2 (E.D.N.Y. Aug. 3, 2007); *accord Weiss v. Fein, Such, Kahn & Shepard, P.C.*, 2002 WL 449653, **2-3 (S.D.N.Y. Mar. 22, 2002);  *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 452-53 (E.D.N.Y. 2000);  *Murphy*, 35 F. Supp. 2d at 201-02.  In that situation, the plaintiff's complaint should be dismissed.  *See Murphy*, 35 F. Supp. 2d at 203-04.  Simply put, a federal court should not be used as a vehicle to seek to generate needless attorneys' fees.

### 1.  Miller Received Full Compensation For His FDCPA And Invasion Of Privacy Claims When He Accepted The Rule 68 Offer Of Eskanos & Adler

By obtaining a judgment and an award of attorneys' fees against defendant Eskanos & Adler, Miller has already recovered all that he could hope to recover on his FDCPA and invasion-of-privacy claims.  There is absolutely no evidence

MILLER V. MIDLAND FUNDING, LLC ET AL.(CASE NO.CV07-04869 ODW (AGRx))
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT

7.

that Midland committed any acts that could be deemed a violation of the FDCPA or an invasion of Miller's privacy.[2]  Midland acted, if at all, solely through its attorneys, Eskanos & Adler.  Any liability that Midland may have for allegedly violating the FDCPA or invading Miller's privacy is entirely derivative of Eskanos & Adler's conduct.

Thus, when Miller unconditionally accepted Eskanos & Adler's Rule 68 offer – which was not limited to any particular claim – and obtained a judgment for $1,0001.00 plus an award of more than $20,000.00 in attorneys' fee and costs, Miller received full compensation and recovered the maximum relief available to him.  He should not be allowed to "double dip."

## 2.   Miller Has No Evidence Of Actual Damages

In an FDCPA action, the plaintiff may recover any actual damages sustained, plus "additional damages" of up to $1,000 per action, and costs and reasonable attorneys' fees.  *See* 15 U.S.C. § 1692k(a).[3]  Miller has no "actual damages" in this case.

Miller seeks to recover "any actual damages sustained by him," but he does not describe the nature of those damages.  *See* Sep. Stmt. at ¶ 4 [Complaint at ¶¶

---

[2]  As to MCM, Miller claims that it violated the FDCPA by failing to report certain information, and falsely and inaccurately reporting other information, to credit reporting agencies.  There is no admissible evidence, however, in the record to support this claim.  In any event, as discussed below, Miller is entitled to only a single recovery of statutory damages under the FDCPA, regardless of the number of violations or defendants.

[3]  Section 1692k provides that a debt collector who violates the FDCPA is liable to the plaintiff "in an amount equal to the sum of–(1) any actual damages sustained by such person as a result of failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . . and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. . . ."  15 U.S.C. § 1692k(a)(1-3).

MILLER V. MIDLAND FUNDING, LLC ET AL.(CASE NO.CV07-04869 ODW (AGRx))
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT

8.

32, 45, 51]. In response to an interrogatory asking him to describe his actual damages "in detail," Miller responded in conclusory fashion that "The defendants' conduct has caused me to suffer emotional distress, humiliation, embarrassment, and interfered with my workplace and my work." *See id.* at ¶ 8. This is not sufficient to prove any actual damages under the FDCPA. *See, e.g., Milton*, 2007 WL 2262893 at *3.

Although emotional distress damages are generally recoverable under the FDCPA, "[t]here is a strict standard for a finding of emotional damage" because "'they are so easy to manufacture.'" *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 850 (W.D. Ky. 2007). "When the injured party's own testimony is the only proof of emotional damages, he must explain the circumstances of his injury in reasonable detail and cannot simply rely on conclusory statements. . . . Plaintiff must produce actual evidence of distress and injury, not merely conclusory statements about it." *Tallon*, 497 F. Supp. 2d at 850-51 (citation omitted); *see also Lowe v. Elite Recovery Solutions*, 2008 WL 324777, *4 (E.D. Cal. Feb. 5, 2008) (no emotional distress damages where plaintiff's declaration stated only that defendants caused him "a great deal of stress and worry," and that he lost sleep, was irritable and "could not get the lawsuit out of his mind"). In *Tallon*, the only evidence of emotional harm was the plaintiff's affidavit "stating that the experience was 'extremely stressful, embarrassing, and humiliating,'" which the court concluded was insufficient. *Tallon*, 497 F. Supp. 2d at 850.

As in *Tallon* and *Lowe*, Miller's conclusory, unsupported statement in his discovery response is insufficient to establish actual damages. Miller has not explained the circumstances of his injury in any detail, let alone reasonable detail. He has not produced any corroborating evidence of his distress, such as medical testimony. Instead, he relies solely upon his own self-serving, conclusory

MILLER V. MIDLAND FUNDING, LLC ET AL.(CASE NO.CV07-04869 ODW (AGRx))
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT

9.

1  statement about his alleged distress.  This is patently insufficient, and Miller is not

2  entitled to recover actual damages.[4]

3      Thus, the most that Miller could hope to recover under the FDCPA and for

4  the alleged invasion of his privacy was $1,000 plus his reasonable attorneys' fees

5  and costs.[5]  This is true regardless of the number of defendants involved or

6  violations proven.  *See Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir.

7  2004) (Rule 68 offer of $1,000 plus reasonable attorneys' fees and costs provided

8  maximum statutory relief available under FDCPA); *Wright v. Financial Serv. of*

9  *Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir. 1994); *Harper v. Better Business Servs.,*

10  *Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992); *Morgan v. Account Collection*

11  *Technology LLC*, 2006 WL 2597865 (S.D.N.Y. Sept. 6, 2006) (§ 1692k(a)(2)

12  "creates a ceiling that limits the damages an individual plaintiff can receive *per*

13  *proceeding,* not per defendant") (emphasis in original).  Miller already recovered

14  this full amount when he accepted Eskanos & Adler's Rule 68 offer.

15           **3.**      **Miller Rejected An Offer Of Judgment By Midland Which**
                   **Would Have Provided Him Full Compensation**

16      Miller asserted a Rosenthal Act claim against Midland only.  Damages

17  under the Rosenthal Act are similar to FDCPA damages.  A plaintiff who proves a

18  "willful and knowing" violation of the Act may recover statutory damages of

19  between $100 and $1000, plus any actual damages, reasonable attorneys' fees and

20  costs.  *See* Cal. Civ. Code § 1788.30(a-c).

21

22

23     [4]  For the same reasons, Miller is not entitled to recover any damages on his

24  claim for invasion of privacy, for which emotional distress is recoverable generally.
*See* Judicial Council of California Civil Jury Instructions (CACI) No. 1820 (damages

25  for violation of right of privacy); *Miller v. National Broadcasting Co.*, 187 Cal. App.

26  3d 1463, 1484-85 (1986).

27     [5]  In addition to actual damages, Miller seeks to recover statutory damages and
attorneys' fees and costs.  *See* Sep. Stmt. at  ¶ 4 [Complaint at ¶¶ 33-34, 46-47].

28
MILLER V. MIDLAND FUNDING, LLC ET AL.(CASE NO.CV07-04869 ODW (AGRx))
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT

10.

As explained above, Miller has no recoverable actual damages.  At best, then, he could recover no more than $1,000.00 plus reasonable attorney fees and costs, assuming that there is evidence that Midland acted willfully and knowingly, which there is not.  Miller was offered more than he could hope to recover on his Rosenthal Act claim when Midland (and MCM) offered him $1,001.00, plus reasonable fees and costs (as agreed by the parties or as determined by the Court).[6]  Consequently, the Rule 68 offer provided all that Miller could hope to recover.

When Miller declined to accept Midland's and MCM's offer, he abandoned any remaining personal stake that he had in this action, his claim became moot and the Court was deprived of a case or controversy to adjudicate.  The Court thus lacks subject matter jurisdiction, and Midland and MCM are entitled to summary judgment.

**IV.   <u>CONCLUSION</u>**

For the forgoing reasons, Midland and MCM respectfully request that the Court grant their motion for summary judgment.

DATED: June 25, 2008          SIMMONDS & NARITA LLP
                              TOMIO B. NARITA
                              JEFFREY A. TOPOR

                              By:   /s Jeffrey A. Topor
                              Jeffrey A. Topor
                              Attorneys for Defendants Midland Funding
                              LLC and Midland Credit Management, Inc.

---

[6] "[N]umerous circuit courts have held that a claim for attorney's fees does not avert mootness of the underlying action on the merits." *Murphy*, 35 F. Supp. 2d at 202 (citing, *inter alia*, *Didrickson v. United States Dept. of Interior*, 982 F.2d 1332, 1339 n.2 (9th Cir. 1992).